**GREEN v. STATE.**

**No. 2288.**

Court of Civil Appeals of Texas. Beaumont.

April 14, 1932.

R. M. Briggs, of Kountze, for appellant.

B. A. Coe, of Kountze, for the State.

**O'QUINN, J.**

On February 19, 1932, B. A. Coe, the duly elected, qualified and acting county attorney of Hardin county, Tex., instituted this suit in the district court of Hardin county, Tex., for and on behalf of the state of Texas, against Willie Green, the petition alleging that the defendant, Willie Green, was maintaining certain premises known as "Willie Green's Dance Hall," describing the premises on which the hall was located, situated in said county and state, in such manner as to constitute a public nuisance.

The allegations made with reference to violations of the law which the relator, the state of Texas, claimed the premises to be a public nuisance, read:

"And for cause of action, plaintiff respectfully represents to the court, that heretofore, to-wit, on and prior to the 18th day of February, A. D. 1932, that said defendant above

mentioned, was using, and is now using, concerned in using, and is actually and habitually using and is threatening and contemplating the use of certain premises, places, buildings and parts thereof, situated on the M. W. Bumpstead Survey of land in Hardin County, Texas, near the Iron bridge on Village Creek on Highway No. 8, in said county, and more particularly described as follows, to-wit: said premises, situated on an eight (8) acre tract of land on said M. W. Bumpstead Survey about 500 ft. east from Highway No. 8, where said highway extends in a south-erly direction from Village Creek leading to Beaumont and being about six (6) miles south from the town of Silsbee, in Hardin County, Texas, and a part thereof, as a place to which intoxicating liquors are given away and transported to and from, in violation of the laws of the State of Texas.

"That the said defendant is so using and is aiding and abetting other persons in the use of the above mentioned and described premises, places and buildings, and a part thereof, in a manner and way which constitutes said place to be a common nuisance, as that term is defined in article 4664, Civil Statutes of 1925, of the State of Texas, and as that term is defined in article 5107, in the Civil Statutes of 1925, of the State of Texas, and as that term 'common nuisance' is defined in articles 687, 688 and 689, of the Penal Code of the State of Texas, in this, that the said defendant knowingly keeps, maintains and operates said place and premises above described, and a part thereof, as a place where intoxicating liquor is being given away, and where intoxicating liquor is being transported to and from, in violation of the law, and that said premises are threatened to be so knowingly used by the defendant as a place where intoxicating liquor is and will be given away, transported to and from in violation of the law; that the defendant maintains and assists in maintaining the aforesaid house, premises and places, and a part thereof, where intoxicating liquors are frequently given away and frequently transported to and from said premises in violation of the law and are threatened by this defendant to be so maintained."

The petitioner prayed for an injunction abating said nuisance and perpetually enjoining the defendant from carrying on same, and that said premises be closed for the period of one year, unless replevied and bond executed for same, as prescribed by law.

The court granted a temporary injunction, which, upon motion of defendant to dissolve, and upon hearing, was made permanent. This appeal is from the judgment perpetuating the injunction.

The action is based upon articles 4664, 4665, 4666, and 5107, R. S. 1925, and article 688 of the Penal Code of the state.

The said articles read as follows:

"Art. 4664. Nuisance.—Any hotel, rooming house or boarding house, country club, garage, rent car stand or other place to which the public commonly resort for board or lodging or commonly congregate for business or pleasure, where intoxicating liquors are kept, possessed, sold, manufactured, bartered or given away, or to which persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicating liquor, or where intoxicating liquors are furnished to minors or to students of any educational institution, or where persons resort for the purpose of gambling, or for the purpose of prostitution, is hereby declared to be a common nuisance. Any person who knowingly maintains or assists in maintaining such a place is guilty of maintaining a nuisance.

"Art. 4665. Nuisance; evidence.—Proof that any of said prohibited acts are frequently committed in any of said places shall be prima facie evidence that the proprietor knowingly permitted the same, and evidence that persons have been convicted of committing any said act in a hotel, boarding house or rooming house, is admissable to show knowledge on the part of the defendants that this law is being violated in the house. The original papers and judgments or certified copies thereof in such cases of convictions may be used in evidence in the suit for injunction and oral evidence is admissable to show that the offense for which said parties were convicted was committed in said house. Evidence of general reputation of said houses shall also be admissable to prove the existence of said nuisance.

"Art. 4666. Nuisance; prosecution.— Whenever the Attorney General, or the district or county attorney has reliable information that such a nuisance exists, either of them shall file suit in the name of this State in the county where the nuisance is alleged to exist against whoever maintains such nuisance to abate and enjoin the same. If judgment be in favor of the State, then judgment shall be rendered abating said nuisance and enjoining the defendants from maintaining the same, and ordering that said house be closed for one year from the date of said judgment, unless the defendants in said suit, or the owner, tenant or lessee of said property make bond payable to the State at the county seat of the county where such nuisance is alleged to exist, in the penal sum of not less than one thousand nor more than five thousand dollars, with sufficient sureties to be approved by the judge trying the case, conditioned that the acts prohibited in this law shall not be done or permitted to be done in said house. On violation of any condition of such bond, the whole sum may be recovered as a penalty in the name and for the State in the county where such conditions

are violated, all such suits to be brought by the district or county attorney of such county."

"Art. 5107. Nuisance.—Any room, house, building, boat, structure, or place of any kind similar or dissimilar to those named, where intoxicating liquor is kept, possessed, sold, manufactured, bartered or given away, or to be transported to or transported from in violation of law, and all intoxicating liquors and all property kept in and used in maintaining such place are hereby declared to be a common nuisance and any person who maintains or assists in maintaining such common nuisance shall be guilty of violating this law and shall be punished accordingly."

"Art. 688. Nuisance. [Penal Code]. Any room, house, building, boat, structure or place of any kind similar or dissimilar to those named, where intoxicating liquor is kept, possessed, sold, manufactured, bartered or given away, or to be transported to or transported from in violation of law, and all intoxicating liquors and all property kept in and used in maintaining such place are hereby declared to be a common nuisance. Whoever maintains or assists in maintaining such common nuisance shall be guilty of violating this law and shall be punished accordingly."

The determining question is whether, under the facts, the defendant was operating or maintaining a house or place within the meaning of the above statutes. The hearing below, and the appeal here, are upon an agreed statement of facts. It is:

"On this the 17th day of March, A. D. 1932, in the above entitled and numbered cause and on defendant's motion to dissolve the temporary injunction heretofore granted herein, come plaintiff and defendant and agree, in order to facilitate the hearing hereon, that the following statements and admissions are the true facts and all of the facts relative to the hearing on said motion:

"1. It is admitted that defendant on the dates alleged in plaintiff's petition for injunction herein was using the premises described in said petition as a place where the public commonly resorted and congregated for pleasure; that defendant was at said times conducting a dance hall on said premises; that he was and is the owner of said land, premises and buildings; that the public generally resorted to said place and congregated thereat and parked their cars on open and unfenced land which did not belong to defendant, but which land is adjacent to defendant's premises and where the public generally parked their cars when they attended said dances; that people who attended said dances frequently transported intoxicating liquors to and from said premises and the place where said cars were parked near the dance hall and in said cars, and frequently drank and

gave away intoxicating liquors around said premises.

"2. It is further admitted that said transporting of said intoxicating liquors and the drinking and giving away of said liquor, as aforesaid, were all done by persons unknown to defendant at the time and without the consent, and acquiescence of defendant and against his wishes; it is further admitted that there was no liquor transported into or from the house in which said dances were held, nor was any intoxicating liquor given away or drunk in said building."

■ We think that the law, as reflected by the statutes above mentioned, contemplates that the house, room, or place operated or maintained by the persons charged must be one where and in which intoxicating liquor is actually kept, possessed, sold, manufactured, bartered, or given away, or to which or from which house or room or place intoxicating liquor is transported in violation of law, in order to fall within the condemnation of the law. Article 4665, R. S., relative to evidence admissible to show a violation under article 4664, provides that proof that any of the prohibited acts are frequently committed in any of said places shall be prima facie evidence that the proprietor knowingly permitted the same, and that evidence that persons have been convicted of any of said acts in a hotel, etc., is admissible to show knowledge on the part of the defendant that this law is being violated in the house. While, we take it, this last article prescribes a rule of evidence for the purpose of establishing the guilt of one charged with maintaining such forbidden place by showing that, though he did not himself commit the prohibited acts, yet he knowingly permitted others to so use his premises as to amount to the violation, still the language of the law says that such acts must be committed in the hotel, rooming house, or place. This interpretation of said statutes is manifested by the provision of article 4666, providing for the replevy of the house, room, or place when closed, by executing a bond conditioned that the prohibited acts shall not be done or permitted to be done "in said house."

■ The agreed statement of facts clearly and positively show that no intoxicating liquor was kept, sold, possessed, given away, or drunk in the dancing hall operated by defendant, or that intoxicating liquor was transported to or from said hall, but that some persons who attended said dance hall parked their cars on land adjacent to defendant's premises, but not thereon, and transported intoxicating liquor in their cars to and from the places where they had parked their cars near to said dance hall, and frequently drank and gave away said intoxicating liquor. But all this was done by persons unknown to the defendant and without his consent and against his wishes. The agreed

statement of facts specially states that no intoxicating liquor was transported into or from the house in which the dances were conducted, and that no intoxicating liquor was drunk or given away in such building. Unquestionably Green had the control and regulation of the premises on which his dance hall was situated, but it is equally true that he had no control of adjoining premises over which he had no supervision. That persons unknown to him attended dances at his hall and transported intoxicating liquor in their cars to the places where they parked their cars near and adjacent to the defendant's premises, and that said unknown persons, without the knowledge or consent of defendant drank such liquor and gave same away, outside of and away from the defendant's hall, would not constitute said hall, within the provisions of the law, a public nuisance. Articles 4664, 4665, and 5107, R. S. 1925. Article 688, Penal Code 1925. The statutes invoked are penal in their nature and, therefore, must be strictly construed. State of Texas v. Duke, 104 Tex. 355, 370, 137 S. W. 654, 138 S. W. 385. Dance halls are not public nuisances per se. If they become nuisances, they must be operated in such way as to become such within and by virtue of ·some statute enacted in accordance with established principles of law. Stockwell v. State, 110 Tex. 550, 221 S. W. 932, 12 A. L. R. 1116.

The judgment is without support in the facts, and therefore is reversed, and the injunction dissolved.