## J. T. WALLING V. L. L. KING, COUNTY JUDGE.

No. 6784.  Decided November 27, 1935.
Rehearing overruled January 15, 1936.
(87 S. W., 2d Series, 1074.)

*Williams & Bell,* of Childress, for appellant.

The election properly ordered in the City of Childress to determine whether or not beer could be sold in said city was not void. McFall v. State Board of Education, 101 Texas, 572, 110 S. W., 739; 28 Texas Jur., 537, sec. 13; Art. 694a, sec. 10, Penal Code; Laws of 43rd Leg., p. 288.

*C. C. Broughton,* County Attorney for Childress County, and *Jas. C. Mahan,* of Childress, for appellees.

Local option having been legally put into operation in a given territory, it must remain in force until it has been voted out by a majority of the voters voting at an election for such purpose in the same territory where such law was originally put in force. Holman v. Pabst, 27 S. W. (2d) 340; 28 Texas Jur., 549, 550; Ex parte Myers, 84 Texas Crim Rep., 288, 207 S. W., 100.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Prior to August 26, 1933, when Subdivision (a) of Section 20, Article 16, of the State Constitution, known as the "Beer Amendment," was adopted, Childress County, by an election held within and for the whole county, had adopted local option, and had prohibited the sale of intoxicating liquors within the county. This had been done prior to the adoption in 1919 of Section 20, Article 16, known as the State-wide Prohibition Amendment. On the 26th day of August, 1933, the county held an election to determine whether or not the sale of 3.2 per cent beer should be permitted within the county. This election went against the proposition to make the sale of beer lawful within the county.

On March 2, 1934, an election was held within the corporate limits of the City of Childress, which is within the boundaries of Childress County, and at this election a majority of the voters in said city voted in favor of permitting the sale of 3.2 per cent beer within the corporate limits. After the result of this election was declared J. T. Walling, appellant, made application to the County Judge of Childress County for a license authorizing him to sell beer within the corporate limits of the City of Childress. The county judge refused to set the application for hearing or take any action looking to the granting of said license. Thereupon, appellant filed his petition with the Judge of the District Court of Childress County praying for a writ of mandamus to require the County Judge to act upon his application. The district court refused to issue this mandamus and appellant appealed to the Court of Civil Appeals at Amarillo. That court has certified to the Supreme Court the following questions:

"1. Under all the circumstances was the election held within and for the City of Childress on March 2nd, last, void?

"2. Did the County Judge err in refusing to have a hearing on the appellant's application for license?

"3. Did the District Judge err in denying the appellant's application for a writ of mandamus?"

The amendment to the Constitution adopted August 26, 1933, is here set out in full and the portion thereof which we think is decisive of this case is by us emphasized by *italics.*

"(a) The manufacture, sale, barter or exchange in the State of Texas of spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, or any other intoxicant whatever except vinous or malt liquors of not more

than three and two-tenths per cent (3.2%) alcoholic content by weight, (except for medicinal, mechanical, scientific or sacramental purposes) are each and all hereby prohibited. The Legislature shall enact laws to enforce this section, and may from time to time prescribe regulations and limitations relative to the manufacture, sale, barter, exchange or possession for sale of vinous or malt liquors of not more than three and two-tenths per cent (3.2%) alcoholic content by weight; provided the Legislature shall enact a law or laws whereby the qualified voters of any county, justice's precinct, town or city may, by a majority vote of those voting, determine from time to time whether the sale for beverage purposes of vinous or malt liquors containing not more than three and two-tenths per cent (3.2%) alcohol by weight shall be prohibited within the prescribed limits; *and provided further that in all counties in the State of Texas and in all political subdivisions thereof, wherein the sale of intoxicating liquors had been prohibited by local option elections held under the laws of the State of Texas and in force at the time of the taking effect of Section 20, Article 16, of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter or exchange in any such county or in any such political subdivision thereof, any spirituous, vinous or malt liquors or medicated bitters, capable of producing intoxication or any other intoxicant whatsoever, unless and until a majority of the qualified voters in said county or political subdivision thereof voting in an election held for such purpose shall determine it to be lawful to manufacture, sell, barter and exchange in said county or political subdivision thereof vinous or malt liquors containing not more than three and two-tenths per cent (3.2%) alcoholic content by weight, and the provision of this subsection shall be self-enacting."*

Prior to the adoption of Section 20, Article 16, it had been the law of this State for many years that when a county, justice's precinct or other political subdivision of a county voted to prohibit the sale of intoxicating liquors, it continued to be unlawful to sell such liquors within the prohibited territory until the voters of the identical territory which had adopted prohibition voted to repeal it. In Ex parte Pollard, 51 Texas Crim. Rep., 488, 103 S. W., 878, Judge Davidson, speaking for the Court of Criminal Appeals, said:

"Whenever a local option law is once legally put into operation in a given territory, it must remain in force until it has been voted out by the voters of the territory where such law was originally vitalized."

Several cases are cited in support of this holding.

The constitutional amendment set out above by express words adopted this rule of law. The language is that in any county or any political subdivision thereof where the sale of intoxicating liquors had been prohibited prior to the adoption of Section 20, Article 16, it should remain unlawful to sell same (including beer) in said *county* or political subdivision "until a majority of the qualified voters of said *county* or political subdivision thereof voting in an election held for such purpose shall determine it to be lawful to manufacture, sell, barter and exchange in said *county* or political subdivision thereof vinous or malt liquors containing not more than three and two-tenths per cent (3.2%) alcoholic content by weight."

The very constitutional amendment by which appellant is accorded his right to a license expressly provided that if local option prevailed in the county where he sought to obtain his license it was necessary for the voters of that county to authorize the sale of the 3.2 per cent beer before he could obtain a license. This the county has never done, but on the contrary it had for the second time voted in favor of local option so far as beer was concerned. It necessarily follows that as Childress County had prohibited the sale of intoxicating liquors within its boundaries prior to the adoption of Section 20, Article 16, by virture of Subdivision (a) set out above it was unlawful to sell beer within any part of said county until voters of the whole county determined otherwise. Local option within the county as a whole could not be repealed by piecemeal.

For other reasons set out in the opinion in the case of Coker, County Judge, v. Kmeicik, this day decided (ante, p. 440, 87 S. W. (2d) 1076), the election within the City of Childress was ineffectual so far as sale of beer in Childress County was concerned.

It follows that the election of March 2, 1934, was unauthorized and was a nullity. We therefore answer Question No. 1 in the affirmative and Questions Nos. 2 and 3 in the negative.

Opinion adopted by the Supreme Court November 27, 1935.

Rehearing overruled January 15, 1936.