A. W. COKER, COUNTY JUDGE, V. FRANK KMEICIK.

No. 6891. Decided November 27, 1935.
Rehearing overruled January 15, 1936.
(87 S. W., 2d Series, 1076.)

*William McCraw,* Attorney General, *Scott Gaines* and *T. F. Morrow,* Assistants Attorney General, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that

after a county had voted to be dry, that a subdivision of that same county could vote wet. Rippy v. State, 68 S. W., 688; Roper v. McKoy, 69 S. W., 459; Cantwell v. State, 85 S. W., 19.

*M. E. Gates,* of Huntsville, and *Theo. Stubbs,* of Galveston, for defendant in error.

On right of justice precinct to hold an election to permit the sale of intoxicating liquors, although the county throughout is dry. Woodlief v. State, 2 S. W., 812; Cone v. State, 236 S. W., 485.

*W. K. Hopkins,* of Gonzales, *Walter H. Beck,* of Austin, and *Thomas B. Love,* of Dallas, filed briefs as amicus curiae.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This case differs from the case of Walling v. King, County Judge, this day decided (post, p. 446, 87 S. W. (2d) 1074), in this: In the Walling case it was shown that local option was effective in Childress County prior to the adoption of Section 20 of Article 16 of the Constitution of 1919, and the amendment of August 26, 1933, made the sale of beer in said county unlawful until local option, as to beer, had been repealed by the voters of the whole county. In this case it is shown that after the adoption of the "Beer Amendment" to the Constitution, and on towit, March 3, 1934, the voters of Walker County determined that the sale of 3.2 per cent beer in that county should be permitted. However, on December 1, 1934, another county-wide election was held and the result of that election was against the sale of beer within the county. Another election was held the same day within and for Justice Precinct No. 4 within Walker County, by the use of separate ballots, and this election resulted in favor of permitting the sale of beer within said precinct. Defendant in error Frank Kmeicik made application to the County Judge of Walker County to obtain a license permitting him to sell beer within said Justice Precinct No. 4. It is agreed that in making said application he complied with the law prescribing the method of obtaining such a license. The County Judge refused to grant the license on the ground that there could not be a "wet" precinct within a "dry" county. Defendant in error applied to the district court for a mandamus to require the county judge to issue the license and this was refused. The Court of Civil Appeals reversed and rendered the judgment of the district court and ordered the county judge to issue a license as prayed for. 81 S. W. (2d)

124. On account of the importance of the question the Supreme Court, after granting the writ of error, advanced the cause.

The theory of defendant in error is that the Constitutional Amendment of August 26, 1933, by its local option provision guarantees to a justice precinct the right, by a majority vote of the qualified voters, to permit the sale of beer within said precinct, notwithstanding the county may have voted to prohibit the sale of beer within its borders. His contention is that the matter is one which the Legislature may control, and that the Legislature has, by the Act of 1933 (Chap. 116, Gen. Laws, 43rd Leg.), attempted to "place political subdivisions favoring the sale of beer on an equal basis with subdivisions opposing the sale of beer," and that therefore a justice precinct has the power of self-determination and may vote wet although the county as a whole has voted dry.

It is admitted that the local option provision of the amendment of 1933 is in words almost identical with the local option provision contained in Section 20 of Article 16 of the Constitution of 1876. The provision of the amendment of 1933 is as follows:

"Provided the Legislature shall enact a law or laws whereby the qualified voters of any county, justice's precinct, town or city may, by a majority vote of those voting, determine from time to time whether the sale for beverage purposes of vinous or malt liquors containing not more than three and two-tenths per cent (3.2%) alcohol by weight shall be prohibited *within the prescribed limits.*" (Emphasis ours.)

Defendant in error takes the position that the Constitution of 1876 made the same guarantee to a justice precinct as it did to the county, and under that Constitution a county voting dry, in the absence of legislative action, could not prevent a precinct within the county afterwards voting wet. He contends that such was the holding of the Court of Appeals in the case of Whisenhunt v. State, 18 Texas App., 491, decided in 1885. He further contends that although the Court of Criminal Appeals and the Court of Civil Appeals later took a contrary view, adopting the dissenting opinion by Judge Hurt in the Whisenhunt case, and held that when a county voted in favor of prohibition a precinct could not authorize the sale of intoxicating liquors, such holdings followed as a result of various acts of the Legislature, and were not based upon a construction of the Constitution.

Eliminating all decisions which appear to be based upon statutory provisions rather than the Constitution itself, we

still find that the Court of Civil Appeals, the Court of Criminal Appeals and the Supreme Court have expressed the conclusion that the Constitution of 1876 guaranteed to counties, having voted to prohibit the sale of intoxicating liquors, the right to remain dry as a whole, notwithstanding a precinct within the county may vote against prohibition; and have held that the smaller subdivision cannot control over the larger subdivision so far as the right to adopt prohibition is concerned. This is based on the unanswerable proposition that to hold otherwise would be to permit the smallest subdivision recognized by the Constitution to nullify the Constitution as to all larger subdivisions, including the county.

The case of Griffin v. Tucker, 102 Texas, 420, was decided largely upon the interpretation of statutory provisions, but Judge Williams, speaking for the court, adverted to the guarantees of the Constitution in this language:

"In the right given to a subdivision is implied the power, by adopting prohibition, to put a rule in force whereby the sale of liquor shall be made unlawful in every foot of its territory, and from this it results that no part of that territory can make the sale lawful in such part, since that would be inconsistent with the power of the larger so to establish the law throughout its extent. And this is not allowed to affect the right of an included subdivision to adopt the law for itself when it has been rejected by the including one. Aaron v. The State, 34 Texas Crim. Rep., 103. But we see nothing in the statute or the Constitution by force of which the right of a subdivision to have an election throughout its extent may be taken away by the action of part of its territory constituting a smaller one. If this may be done it is apparent that it is in the power of smaller subdivisions included in larger ones to defeat the exercise of the right given to the latter, as may readily be shown by illustration. In some counties the commissioners' precincts are so laid off that their lines come to a common corner at the county seats, so that part of each is included in the county town and in the justice's precinct. These are made subdivisions for local option purposes, and are given the right to adopt or reject the law within their limits. Now, is it not apparent that, under this doctrine, the vote adopting the law in either of these included subdivisions destroys, for the time at least, the rights of the voters of each of the commissioners' precincts to hold any election to determine the question for itself? The illustration might be extended by supposing other modes of subdividing the county. And further, the same logic

might make the vote of the towns exclude elections in justice's precinct. We discover nothing in the Constitution or the statute either declaring or implying such a rule."

In the case of Ex parte Fields, 46 S. W., 1127, decided many years after the Whisenhunt case, the Court of Criminal Appeals decided the precise question herein involved. Stating the facts of the case the court said:

"Relator insists that this judgment was absolutely void, because local option was not in force in precinct No. 1 of Parker county at the time the sale was made. The contention is as follows: That the election was held in precinct No. 1 on the 5th day of September, 1896, which resulted in the defeat of prohibition. Now, it appears from the record that an election was held on the same day for the entire county, and resulted in favor of prohibition; that the county and precinct elections were held simultaneously in said precinct No. 1. The question is therefore presented whether, under the above state of facts, the sale of intoxicating liquors was prohibited in said precinct No. 1 of Parker county."

The dominant portion of the opinion is as follows:

"Anti-prohibition is in force in every county, justice precinct, town, etc., in this state, unless voted on at an election held for that purpose. It requires no act to put in force the right to sell intoxicating liquors. This right was not conferred upon the people of the counties, justice precinct, etc., by the constitution; but the right to prohibit the sale of intoxicating liquors was conferred upon the county, justice precinct, etc. Now we state this proposition: That, until the legislature repeals the acts enforcing this right, there is no power within this state to prohibit the county from declaring by an election that the sale of intoxicating liquors shall be prohibited therein. The county cannot prevent any precinct, town, or city, etc., from declaring that the sale of intoxicating liquors shall be prohibited within such precinct, town, city, etc. There is no authority in the county to do this. On the other hand, no precinct, town, city, etc., can prevent the county from declaring that the sale of intoxicating liquors shall be prohibited within the county. If the county has the right to prohibit, it has the right to prohibit the sale in every foot thereof, because the constitution says that the county may do so. If the precinct has the right to prohibit, as before stated, no county election can prevent it. Let us suppose that a county election is held. A number of precincts vote against prohibition, but, when all the votes are counted, prohibition carries. Can it be contended

that prohibition is not in force in every part of that county, notwithstanding the opposition in such precincts? If the contention of the relator be correct, no county election should ever be held. The election should be had by precincts, towns, cities, etc.; and, if all are in favor of prohibition, then prohibition would be in force in the entire county. We do not so understand the constitution. The county has the same right to declare prohibition as the precinct, etc. They stand exactly upon the same footing with reference to the power to declare it, but not upon the same footing with reference to the power to repeal it; for, if a precinct can repeal it, or defeat the county election, so far as that precinct is concerned, then the county has no right by an election to declare prohibition."

After a reference to the Whisenhunt case the court said:

"We have had this question before us in several cases, and there is not the slightest intimation to the effect that a precinct, town, or city, etc., can hold an election, when the county has voted prohibition, until prohibition is repealed by a vote of the entire county. Every case referred to is emphatically the other way, when properly understood.

"This question has been before the courts of civil appeals in three cases. (Kimberly v. Morris, 31 S. W., 809; State v. Harvey, 33 S. W., 885; Adams v. Kelley, 44 S. W., 529), and the same conclusions reached. The last opinion was rendered by Judge Stephens, and cites us to several cases, and we think that the question is forever put at rest in Texas."

We are of the opinion that the provision of the amendment of 1933 set out above is to be given the same effect. In addition, it cannot be questioned that the adoption of this amendment in the same language as the previous Constitution resulted in the adoption of the construction placed on the former provison by the court.

The judgment of the Court of Civil Appeals is hereby set aside and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court November 27, 1935.

Rehearing overruled January 15, 1936.