**TEAL v. STATE.**

No. 8451.

Court of Civil Appeals of Texas. Austin.

Jan. 8, 1936.

Rehearing Denied Jan. 29, 1936.

Wm. E. Davenport, of San Angelo, for appellant.

W. A. Stroman and Glenn R. Lewis, both of San Angelo, for appellee.

BLAIR, Justice.

The state of Texas, acting through its district attorneys for the Fifty-first and One hundred-nineteenth districts of Texas, instituted this suit to enjoin the operation of a statutory nuisance by appellant, Bessie Teal, alleging that she was operating a business in a certain building within the limits of justice precinct No. 1, in Tom Green county, Tex., known as the Nu-Way Grocery & Market; that in said place and business vinous and distilled liquors containing in excess of 4 per cent. alcohol by weight are sold and possessed for the purpose of sale; that said place of business is within the limits of justice precinct No. 1, in Tom Green county, Tex.; and that the sale of intoxicating liquors had been prohibited by a local option election held under the laws of Texas in force prior to the adoption and taking effect of section 20 of article 16 of the Texas Constitution on August 24, 1935; and that no local option election had been held for either Tom Green county or for said justice precinct No. 1 since the adoption of the constitutional amendment on August 24, 1935; and that the sale of such liquors is now prohibited by local option heretofore adopted in said precinct No. 1. It was further alleged that appellant had no permit or license authorizing her, or any person acting for her, to sell such intoxicants under the present Texas Liquor Control Act (Vernon's Ann.P.C. art. 666—1 et seq.). This allegation was made upon information and belief. A temporary injunction pending the hearing for a permanent injunction was prayed for and was granted, the court ordering appellant to refrain from "selling vinous and distilled liquors containing in excess of 4 per cent. of alcohol by weight, and from possessing the same in quantities greater than one quart at a time, at the place described in said peti-

tion, to-wit, at 509-515 North Chadbourne street, city of San Angelo, Tom Green county, Texas, until further order of this court."

■ By her first proposition, appellant contends that there are now no local option laws in effect in the state which were voted prior to the adoption of the amendment of section 20, art. 16, on May 24, 1919, which made the entire state dry, such amendment having had the effect of repealing all existing local option laws, and that such laws cannot be revived by mere reference to their title, but must be re-enacted and republished at length in order to resurrect or revive them. There is no merit in this contention. The local option laws existing prior to the 1919 amendment were not attempted to be revived by the amendment of section 20, art. 16, as adopted August 24, 1935. This amendment defined what areas would remain dry and what areas would be wet after the adoption of the 1935 amendment. In adopting this amendment, the people had the right to say what territory would remain dry and what territory would become wet. This they did by paragraph (c) of the amendment of section 20, art. 16, adopted August 24, 1935, as follows:

"(c) In all counties, justice's precincts or incorporated towns or cities wherein the sale of intoxicating liquors had been prohibited by local option elections held under the laws of the State of Texas and in force at the time of the taking effect of Section 20, Article XVI of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter or exchange in any such county, justice's precinct or incorporated town or city, any spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication or any other intoxicants whatsoever, for beverage purposes, unless and until a majority of the qualified voters in such county or political subdivision thereof voting in an election held for such purpose shall determine such to be lawful."

This language defined the dry territory and merely referred to the law under which it was made dry territory for the purpose of defining and identifying such territory. Section 23 of article 1 of House Bill No. 77, c. 467, Acts 2d Called Session, 44th Legislature (Vernon's Ann.P.C. art. 666—23), enacted in aid of the above-quoted amendment to the Constitu-

tion, also defines a "dry area" and a "wet area" in the same manner as does the aforementioned constitutional amendment, and said statute forbids the sale or possession of liquors in excess of 4 per cent. alcohol by weight in any "dry area" as that term is defined in the act.

An almost identical provision with regard to local option dry territory remaining dry was made in the amendment of section 20, art. 16, adopted August 26, 1933, commonly referred to as the Beer Amendment; and in the recent case of Walling v. King, 87 S.W.(2d) 1074, 1075, the Supreme Court passed in principle upon the question here presented and held, as follows:

"Prior to the adoption of section 20, article 16, it had been the law of this state for many years that when a county, justice's precinct, or other political subdivision of a county voted to prohibit the sale of intoxicating liquors, it continued to be unlawful to sell such liquors within the prohibited territory until the voters of the identical territory which had adopted prohibition voted to repeal it. In Ex parte Pollard, 51 Tex.Cr.R. 488, 103 S.W. 878, Judge Davidson, speaking for the Court of Criminal Appeals, said:

"'Wherever a local option law is once legally put into operation in a given territory, it must remain in force until it has been voted out by the voters of the territory where such law was originally vitalized.'"

Since the constitutional provisions above quoted are the same in effect as the provisions construed by the Supreme Court, such decision is conclusive of the question here presented.

■ Nor do we sustain the contention of appellant that the state's pleadings were insufficient. This proceeding is authorized by section 29 of article 1 of House Bill No. 77, Acts 2d Called Session, 44th Legislature (Vernon's Ann.P.C. art. 666—29), which declares that a place used to keep or sell liquors in violation of law is a common nuisance; and that any county or district attorney or other officer named "may maintain an action by injunction in the name of the State, or the Board to abate and to temporarily and permanently enjoin such nuisance." The petition alleged that appellant was selling liquors in violation of law at the place described in the petition, and was operating a common nuisance by selling and possessing for

sale liquors in a justice precinct where such sale and possession for sale was inhibited by local option.

Appellant's third and remaining proposition presents the same matters as are presented in her first proposition, and is overruled.

The temporary order appealed from is affirmed.

Affirmed.