### TRENT v. KENNEDY et al.
#### No. 8634.

Court of Civil Appeals of Texas. Austin.

July 21, 1937.

On Motion for Rehearing and to Dismiss Appeal Oct. 13, 1937.

William McCraw, Atty. Gen., and Sam Lane and Leon O. Moses, Asst. Attys. Gen., for appellant.

Evans J. Adkins, William J. Gerron, and T. J. Sanders, all of Brady, for appellees.

McCLENDON, Chief Justice.

Appeal from an interlocutory order refusing a temporary injunction sought to restrain appellees from selling beer in the city of Brady. The suit was originally brought by the Attorney General in the name of the state. A plea in abatement questioning the authority of the Attorney General to maintain the suit on the ground that such suit could only be brought under section 21, of art. 2, c. 467, Gen.Laws 2d Call.Sess. 44th Leg., designated Texas Liquor Control Act (Vernon's Ann.P.C. art. 667—21 prior to 1937), was sustained, and an amended petition was filed naming appellant Trent as plaintiff, and signed by the Attorney General. The amended petition was supported by Trent's affidavit, and otherwise complied with the statutory requirements.

The order refusing the temporary injunction recited that: "the Court was and is of the opinion that there is adequate legal remedy, that the granting of this petition would amount to the enforcing of criminal law through a court of equity, and that there is no sufficient grounds or good cause shown for the granting of such relief in this case."

Appellees present six propositions in support of the trial court's order. Our views of the controlling questions in the case, however, render necessary a consideration of only two of these propositions, which may be stated substantially:

(1) The issues in the case have been adjudicated adversely to appellant in two consolidated cases noted below.

(2) Appellant could not maintain the suit (an equitable one) absent a showing of injury to his person or property.

The following were agreed facts: McCulloch county voted dry in a county-wide local option election prior to the prohibition amendment of 1919. Two county-wide elections were held to determine whether malt liquors of not more than 3.2 per cent. alcoholic content by weight should be prohibited; one February 26, 1934, and the other October 16, 1934. In each election the vote favored the prohibition. A like election in the city of Brady, held October 16, 1934, resulted against the prohibition. No subsequent election has been held affecting the area in issue. As a result of these elections, the entire county, including Brady, is dry area. Walling v. King, 126 Tex. 446, 87 S.W.(2d) 1074; Coker v. Kmeicik, 126 Tex. 440, 87 S.W.(2d) 1076.

Each of the defendants is engaged in selling beer as defined in the Liquor Control Act (Vernon's Ann.P.C. arts. 666—1 et seq., 667—1 et seq. prior to 1937), in Brady, under a regularly issued license, and will continue to do so unless restrained.

In October, 1936, two suits were brought in the district court of McCulloch county against the sheriff and county attorney of the county. None of the pleadings of plaintiffs in these suits was introduced; but we infer the suits were to enjoin the officers from proceeding criminally against the plaintiffs. These suits were consolidated, and resulted in a judgment dated Oct. 29, 1936, reading: "Injunction as prayed refused as to all parties—All parties except and give notice of appeal to the Court of Civil Appeals, 3rd Supreme Judicial District at Austin. Granted full time allowed by law to file records."

The answer and cross-action of the sheriff and county attorney in one of the suits was introduced, and it was agreed that no other pleadings were filed by either defendant in either suit. This answer contained a plea to the effect that if any of the defendants had licenses to sell beer in Brady, such licenses were void because the October election, 1934, authorizing the sale of 3.2 beverages in Brady was void.

In the cross-action the defendants in their official capacities sought to enjoin plaintiffs from selling beer in Brady; alleging that the cross-action was brought under R.S. art. 4666, and under section 21 of art. 2 of the Liquor Control Act, above. It is not necessary for present purposes to note more particularly the allegations of the cross-action.

■ It will be observed that the judgment merely denied injunctive relief "as to all parties." From this we infer that all parties, both plaintiff and defendant, were seeking injunctive relief, and, assuming that this was a final judgment, that such relief was the entire subject-matter of the suit, since nothing else was adjudicated. The burden was on appellees upon their plea of res judicata to show identity of subject-matter of the two suits; and it may be seriously questioned whether this burden was met. We pretermit discussion of this issue, however, under our following holding.

Independently of other considerations, we think it clear that the sheriff and county attorney were not authorized to bring the suit (cross-action) under either of the stated statutes.

Article 4666 authorized the county attorney (among others) in the name of the state to abate nuisances declared to be such by article 4664. The latter included as nuisances places where "intoxicating liquors" were sold, etc. These articles were enacted in 1923 when state wide and national prohibition were in force.

The Liquor Control Act was passed under the present constitutional amendment (Const. art. 16, § 20 amended in 1935), and was all-embracing in its scope. It was divided into two articles; the first dealing with liquor, defined as having an alcoholic content in excess of 4 per cent. by weight (section 3-a); and the second dealing with beer, defined as "any beverage" having an alcoholic content of one-half of 1 per cent. or more by volume, and not more than 4 per cent. by weight (section 1(c). Section 29 of article 1, which clearly refers to liquor as thus defined, defines common nuisances, and provides that: "Any county, or district attorney, or the Board, or any agent or employee of this Board in the county where such nuisance exists, or is kept, or maintained, may maintain an action by injunction in the name of the State, or the Board to abate and to temporarily and permanently enjoin such nuisances."

Section 21 of art. 2, which equally clearly relates only to beer as thus defined, provides that: "Upon having called to his attention by affidavit of any credible person that any person is violating, or is about to violate, any of the provisions of this Article governing the manufacture, distribution and sale of beer, it shall be the duty of the Attorney General or the District or County Attorney to assist in any proceedings to restrain any such person from the threatened or any further violation, and the District Judge shall have authority to issue restraining orders without hearing, and upon notice and hearing to grant injunction, to prevent such threatened or further violation by the person complained against, and may require the person complaining to file a bond in such amount and containing such conditions and in such cases as the Judge may deem necessary."

■ It is manifest that the Liquor Control Act was intended to be complete within itself, and to supersede all prior legislation upon the same subject. In fact, section 1(a) of article 2 expressly provides that: "Unless otherwise herein specifically provided by the terms of this Act, the manufacture, sale and distribution of beer, as hereinafter defined, shall be governed exclusively by the provisions of Article II of this Act."

Regarding issuance of injunctions, there is a marked difference between the provision relating to the illegal sale, etc., of liquor and that relating to beer. In the former, certain officials of their own motion are authorized to institute proceedings, whereas in the latter the officials are required to "assist" in the proceedings upon having the violation called to their attention by affidavit of any credible person; protection being afforded the defendant by the requirement of bond.

If it had been the legislative purpose to authorize injunction suit by the county attorney or other official in the name of the state where only beer was involved, it would have been a simple matter to so state. The fact of such omission in the case of beer, and its express inclusion in the case of liquor, clearly shows that the Legislature did not intend to authorize the county attorney or other official to institute an injunction proceeding upon his own motion.

■ The legislative intent to supersede and repeal articles 4664 and 4666, in so far as they relate to intoxicating liquor, is manifest. Section 29 of article 1 defines what is a nuisance in regard to law violations concerning liquor, and expressly provides a remedy by abatement and injunction. There is no provision in the act creating a nuisance where only beer is involved. Article 4666 only dealt with nui-

'sances defined in article 4664, which, in so far as concerns liquor, embraced all "intoxicating liquor," whereas the Liquor Control Act deals with the entire subject from the viewpoint of alcoholic content, regardless of its actual intoxicating quality. Any intoxicating liquor would meet the definition of nuisance under article 4664, whereas to constitute a nuisance under the Liquor Control Act the alcoholic content must exceed 4 per cent. by weight. These considerations lead inevitably to the conclusion above expressed, that articles 4664 and 4666 were repealed, in so far as they relate to intoxicating liquor, by the Liquor Control Act.

It follows that the county attorney and sheriff were not authorized to bring the injunction suit (cross-action), and the judgment therein is wholly inoperative as res judicata of the instant proceeding.

Appellees' second proposition above is sound as a general equitable doctrine; but it has no application here. This is a statutory proceeding which the Legislature had the power to authorize. Teal v. State (Tex.Civ.App.) 90 S.W.(2d) 651. There is nothing in the quoted language of article 2, § 21 intimating that the "credible person" referred to must show some personal property interest in the subject-matter as a prerequisite to maintaining the action; and we have no authority to read such requirement into the statute. All statutory requirements were complied with, thereby imposing the mandatory duty upon the courts to enforce their express provisions. In the absence of statute, appellant would have the right to an injunction where irreparable injury would result to him in his person or property from the violation of a criminal statute. 24 Tex.Jur., p. 73, § 52.

It may plausibly be urged that the sole legislative purpose was to require assistance by the named officials in suits brought and otherwise maintainable by private individuals, they being "credible persons," and supporting application for such assistance by the requisite affidavit. However, the quoted language of the section does not so state; and to give it that construction would require reading into the language adopted by the Legislature an intention which might readily have been expressly employed.

Article 1, § 2, of the act reads: "This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose."

The "liberal construction for the accomplishment of that purpose" of the act requires, we believe, the construction that as regards violations of the beer provisions of the act it was intended that injunction should be resorted to upon, and only upon, affidavit of a credible person; in which event the duty to assist in the proceeding would arise. Many considerations might be advanced in support of this view; but we deem it unnecessary to discuss them.

Consideration of appellees' other propositions is rendered unnecessary by these holdings. The record conclusively shows that they are engaged in the illegal sale of beer in dry area. The fact that they have been granted licenses by otherwise appropriate county officials cannot nullify the local option election laws nor abrogate a proceeding created by legislative enactment for their enforcement.

The order appealed from is set aside, and the cause is remanded to the district court, with instructions to grant the application for temporary injunction upon such terms regarding bond as the district judge may deem proper.

Order appealed from set aside; cause remanded, with instructions.

### On Motion for Rehearing and to Dismiss Appeal.

Appellant has made known to the court that since our decision was rendered "all beer dealers in the city of Brady, Texas, have ceased to do business, and, therefore, the questions in this case have become moot." For this reason, he moves for dismissal.

There is an additional reason which we think calls for dismissal. By an amendment of the Liquor Control Act, effective September 1, 1937 (H.B. 5, Acts Reg. S. 45th Leg.), the above-quoted portion of section 21 (now section 27) of art. 2 (Vernon's Ann.P.C. art. 667—27) now reads: "Upon having called to his attention by affidavit of any credible person that any person is violating, or is about to violate, any of the provisions of the Texas Liquor Control Act or if any permit or license was wrongfully issued, it shall

be the duty of the Attorney General, or the District or County Attorney to begin proceedings to restrain any such person from the threatened or any further violation, or operation under such permit or license, and the District Judge shall have authority to issue restraining orders without hearing, and upon notice and hearing to grant injunction, to prevent such threatened or further violation by the person complained against, and may require the person complaining to file a bond in such amount and containing such conditions and in such cases as the Judge may deem necessary."

■■ It is apparent that by this amendment the right given a private individual to maintain an injunction suit has been abrogated, and such right expressly conferred upon the Attorney General, or district or county attorney, upon affidavit, etc. The right of appellant, therefore, to further prosecute this suit has ceased to exist.

Our former judgment, setting aside the order of the trial court denying appellant a temporary injunction, is set aside, and the appeal is dismissed, without prejudice, however, to any substantive right of any party to the litigation. Our former opinion herein is not otherwise disturbed.

Former judgment set aside; appeal dismissed.