

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

June 27, 1966

Honorable William B. Sullivant        Opinion No. C-715
County Attorney
Cooke County                          Re:  Under the submitted
Gainesville, Texas                         facts, whether justice
                                           precincts 1, 4, 5 and
                                           8 in Cooke County, Texas
                                           are wet or dry with re-
                                           gards to the sale of
Dear Mr. Sullivant:                        beer.

        Your letter requesting an opinion of this office
reads, in part, as follows:

        "A question has arisen in Cooke County,
        concerning the legality of the sale of alco-
        holic beverage, to-wit:  beer, in certain
        precincts in our County.  The facts are as
        follows:

        "In 1910 all of Cooke County was dry.

        "On April 28, 1934, Justice Precincts 4,
        5, and 8 voted in Local Option elections to
        go wet so far as pertains to the sale of beer
        3.2 percent alcohol by weight.  On the same
        date, a County wide Local Option election
        was held and the entire County voted dry.

        "On July 20, 1935, Justice Court Pre-
        cinct 1 in Cooke County, Texas, held a Local
        Option election and voted wet for the pur-
        poses of selling 3.2 beer.

        "On February 8, 1936, a County wide Local
        Option election was held wherein the question
        was whether or not it would be legal to sell
        beer with an alcoholic content of 4% by weight.
        The results of this election were 1,678 against
        allowing the sale of the beer, and 1,676 for.
        On May 30, 1936, a County wide Local Option
        election was held in Cooke County wherein the
        question was whether or not it would be legal
        to sell alcoholic beverage with an alcohol

-3452-

content of not more than 14% by volume. The
County voted dry in this election. On each
of the following dates, March 30, 1937, July
23, 1938, August 19, 1939, County wide Local
Option elections were held in Cooke County,
Texas, and the proposition was whether or not
it would be legal to sell beer in Cooke County
with an alcoholic content not to exceed 4% by
weight.

"Since August 19, 1939, there have been no
further Local Option elections that would in
my opinion have any bearing on my question.
. . .

"My question is as follows: At this time,
are Justice Precints 1, 4, 5, and 8 in Cooke
County, Texas, wet or dry with regards to the
sale of 3.2 beer in view of the above stated
facts? In neither of the Precinct elections
in Precincts 1, 4, 5, and 8, was it stated
whether or not the election was for the on or
off premises sale of beer. I assume that if
the people voted to allow the sale of beer and
did not specify on or off premises, then the
sale of beer either on or off premises would
be legal. If you can clarify this point for
me, I would also appreciate it very much."

You did not advise us as to whether in the County
wide elections held on March 30, 1937, July 23, 1938 and
August 19, 1939, the County voted dry or wet. We assume
that the last County wide election resulted in a dry vote,
otherwise you would not have had an occasion to request
our opinion.

The Supreme Court of Texas in Walling v. King, 87 S.
W.2d 1074 (1935), and Coker v. Kmeicik, 87 S.W.2d 1076 (1935),
held that when a county has voted prohibition, until prohi-
bition is repealed by a vote of the entire county, a justice
precinct, town or city may not hold a local option election
to permit the sale of 3.2% beer. The Commission of Appeals
opinions above were adopted by the Supreme Court and based its
decision upon Acts 1933, Chapter 116; Constitution, Article
16, Section 20, as amended in 1933; Article 16, Section 20,
adopted in 1919.

Article 16, Section 20, of the Constitution of Texas
was amended on August 24, 1935, and Article 666-32, Vernon's
Penal Code, was enacted to carry the provisions of Section

Honorable William B. Sullivant, Page 3 (C-715)


20 into effect.  The Court in <u>Myers v. Martinez</u>, 320 S.W.2d 862 (Tex.Civ.App. 1959, error ref. n.r.e.), construed the 1935 constitutional amendment and Article 666-32 and held that the Legislature, in submitting the constitutional amendment, and the people, in adopting the 1935 amendment, intended that counties, justice's precincts and cities should be on an equal footing and that by complying with the provisions of the law any of them might hold an election to legalize or prohibit the sale of alcoholic beverages; and that a city located within a dry county may vote to legalize the sale of alcoholic beverages within the corporate limits of the city.

In <u>Mayhew v. Garrett</u>, 90 S.W.2d 1104 (Tex.Civ.App. 1936, error ref.), the Court held that the constitutional amendement (Art. 16, § 20) of August 24, 1935, and Vernon's Penal Code, Arts. 667-1(b), 666-23 did not purport to act retroactively to validate or ratify elections illegally held in justice precincts, towns or cities located wholly within dry counties under the constitutional amendment of 1933, Article 16, Section 20 of the Texas Constitution.  This opinion in conjunction with the <u>Walling v. King</u> and <u>Coker v. Kmeicik</u> opinions, supra, clearly holds that any election held prior to the constitutional amendment of 1935 in a justice precinct, town or city located wholly within a dry county is void.

In applying the above decisions to the facts submitted in your opinion request, it is the opinion of this office that Cooke County was a dry county on April 28, 1934, and on July 20, 1935.  Therefore, since the elections were held in Justice Precincts 1, 4, 5, and 8 prior to the 1935 constitutional amendment, such elections were unauthorized and void, and do not legalize the sale of beer in said precincts.

### S U M M A R Y

In dry counties, local option elections in justice precincts and incorporated cities and towns, held prior to the 1935 amendment of Section 20 of Article 16 of the Texas Constitution are void elections, and do not legalize the sale of beer therein.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

-3454-

DOUGLAS H. CHILTON
Assistant Attorney General

DHC/dt

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Lonny F. Zwiener
Mary K. Wall
John Reeves
Sam Kelley

APPROVED FOR THE ATTORNEY GENERAL
By T. B. Wright