

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 12, 1966

Honorable G. L. Kelly, Jr.        Opinion No. C-681
County Attorney
County of Bastrop                 Re: When a smaller entity has
Bastrop, Texas                         voted "dry" under a prior
                                       local option election and
                                       has been consolidated into
                                       a "wet" entity, a Justice
                                       Precinct; and an applica-
                                       tion has been presented
                                       to the County Clerk for a
                                       petition for a local op-
                                       tion election to legalize
                                       the sale of all intoxicating
                                       liquors in the "dry" area
                                       only, is it necessary for
                                       the election to be held for
                                       the entire Justice Precinct
                                       as it now exists, or only
                                       for the lesser entity, i.e,
                                       the smaller prior precinct
                                       which is dry and a related
Dear Mr. Kelly:                        question.

        Your letter requesting an opinion of this office reads
as follows:

        "This is a request for an Attorney Gen-
    eral's Opinion concerning Art. 666-32 of
    the Texas Penal Code, as amended, specifi-
    cally concerning Local Option Elections un-
    der the Texas Liquor Act.

        "Prior to 1948, this County was composed
    of eight (8) Justice Precincts. In 1948
    these eight were consolidated into four (4)
    Justice Precincts.

        "Prior to 1948, one of the Justice Pre-
    cincts which is now consolidated into a
    larger Precinct, voted 'dry' and exists
    presently as such. The remainder of the
    present Justice Precinct (and the larger
    portion, area and population wise) is

-3274-

'wet'. Application is being made under the above quoted Act for a Petition for a Local Option Election to legalize the sale of all alcoholic beverages in the dry area, it being the intent only to affect the area now 'dry' and not to affect, in any manner, the rest of the presently existing Justice Precinct which is 'wet'. Inasmuch as the subdivisions listed in said act are limited to 'county, justice precinct or incorporated town or city' as the specific areas to which an election can be defined, this is the question:

"QUESTION: When a smaller entity has voted 'dry' under a prior local option election, and has been consolidated into a predominantly 'wet' larger entity, a Justice Precinct; (which is the smallest subdivision in the Texas Liquor Control Act in rural areas) and an application has been presented to the County Clerk for a Petition for a local option election to legalize the sale of all intoxicating liquors in the 'dry' area only, is it necessary for the election to be held for the entire Justice Precinct as it now exists, or only for the lesser entity, i.e. the smaller prior precinct, which is 'dry'?

"A second question exists also. This made existent since our Voter Registration Law of 1966. The Local Option Election portion above quoted states that if a petition is issued, it requires 25% of the qualified voters of said subdivision (whatever the subdivision may be, according to your answer to the Question above.) before an election can be ordered by the Commissioners Court. It further states 'taking the votes for Governor at the last preceding General Election at which presidential electors were elected as the basis for determining the qualified voters' in said subdivision. Obviously, the number of 'qualified voters' at said preceding 'General Election' will not be the same as the 'qualified voters' under the Voter Registration Law of 1966.

"QUESTION: Which criteria should be used
in determining whether 25% of the qualified
voters of a subdivision, in a local option
election have signed a petition for such an
election: 1) The votes for Governor at the
last preceding General Election at which
presidential electors were elected; or, 2)
The qualified voters who have qualified to
vote by registering under the Voter Regis-
tration Law of 1966?"

Attorney General's Opinion No. 0-6917 (1946) states
in part as follows (a copy of which is attached hereto):

"It is a well settled rule under the
Texas cases that whenever a local option
law is once legally put into operation in
a given territory, it must remain in force
until it has been voted out by the voters
of the territory where such law was origi-
nally vitalized. See Ex Parte Pollard,
103 S.W. 878, and Walling vs. King, County
Judge, 87 S.W. (2d) 1074. Article XVI,
Section 20 of the Texas Constitution pro-
vides for elections only in the county, jus-
tice's precinct or incorporated town or city.

"Having determined that the exclusive
method of changing the status of a 'dry'
or 'wet' area is by an election, we now
proceed to the question of the form of the
ballot to be used in an election in an
incorporated city part of which is 'wet'
and part of which is 'dry'.

"Pursuant to Section 20 of Article XVI
of the Texas Constitution, previously set
forth in this opinion, the Forty-fourth
Legislature in 1935 passed the Texas Li-
quor Control Act which is to be found in
Articles 666 and 667 of Vernon's Annotated
Penal Code, 1925. Article 666-23 defines
a 'dry area' and a 'wet area' as follows:

"'Whenever the term "dry area" is used
in this Act it shall mean and refer to all
counties, justice precincts, incorporated
cities or towns wherein the sale of alcoholic
beverages has been prohibited by valid local

option elections held under the laws of
the State in force at the time of the
taking effect of Section 20, Article XVI,
Constitution of Texas in the year 1919.
It likewise shall mean and refer to any
such areas where sale of such alcoholic
beverages shall be prohibited under the
terms of this Act.

"'The term "wet area" shall mean and
refer to all other areas of the State.'
(Emphasis added)

"An examination of the above under-
scored language in Article 666-33 (sic)
forces us to the conclusion that the de-
termination of the status of one of the
political subdivisions mentioned in
Article XVI, Section 20 of the Texas Con-
stitution depends upon a consideration of
the status of the county, justice pre-
cinct, or incorporated town or city as a
whole, and that one of the above subdivi-
sions may not be part 'dry' and part 'wet'
for the purposes of a local option elec-
tion. It is our further opinion that if
any part of the subdivision is 'wet' then
the entire subdivision is 'wet' for pur-
poses of a local option election. The
City of Pasadena, despite the fact that
the entire city was originally a 'dry
area', is now a 'wet area' by virtue of
the fact that liquor may now be legally
sold in a portion of the incorporated
city."

In view of the above Attorney General's Opinion and
Patton v. Texas Liquor Control Board, 293 S.W.2d 99 (Tex.
Civ.App. 1956 error ref. n.r.e.), it is the opinion of
this office that it is necessary for the election to be
held for the entire Justice Precinct as it now exists.

It is further the opinion of this office that for
the limited purposes of a local option election, the Jus-
tice Precinct as it presently exists shall be considered
as a "wet area" within the meaning of the Texas Liquor
Control Act.

In answer to your second question, Attorney General's Opinion No. C-332 holds that the language of Article 666-32, Vernon's Penal Code, which prescribes the form of a petition for a local option election, is mandatory, not directory.

We here reaffirm and concur in the correctness of Attorney General's Opinion No. C-332 (1964) and the necessary implications of such opinion. Article 666-32 specifically sets forth the criterion to be followed in determining the qualified voters in the county, justice's precinct or incorporated town or city and is not affected by the Voter Registration Law of 1966.

It should be noted that the State Legislature may set any reasonable standard that must be met in any petition calling for an election. In Article 666-32, Vernon's Penal Code, the criterion to be followed is 25 per cent of the qualified voters in the justice's precinct "taking the votes for Governor at the last preceding General Election at which presidential electors were elected as the basis for determining the qualified voters in such . . . justice's precinct. . . ."

## S U M M A R Y

When a prior Justice Precinct has voted "dry" under a prior local option election and has been consolidated into a "wet" Justice Precinct, in order for the prior Justice Precinct to become "wet" it is necessary for an election to be held for the entire Justice Precinct as it now exists; the criterion to be used in determining whether 25% of the qualified voters have signed a petition, for a local option election, is the votes cast for Governor at the last preceding General Election at which presidential electors were elected. Article 666-32, V.P.C.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

DOUGLAS H. CHILTON
Assistant Attorney General

DHC/dt

APPROVED

OPINION COMMITTEE

W. V. Geppert, Chairman
Mary K. Wall
John Reeves
Phillip Crawford
Ronald Luna

APPROVED FOR THE ATTORNEY GENERAL
BY T. B. Wright