

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 25, 1969

Honorable William M. Day                Opinion No. M-457
County Attorney of Calhoun County
Calhoun County Courthouse                Re: Status of sale or
Port Lavaca, Texas  77979                    dispensing of alco-
                                             holic beverages
                                             Precinct No. 3 of
                                             Calhoun County, Texas,
                                             under local option
Dear Mr. Day:                                elections.

     You requested an opinion from this Office concerning the
captioned question and furnished us with a history of local
option elections in Calhoun County supplied by the County Clerk
of Calhoun County.  A letter submitted by you subsequent to
your original request states as follows:

          "I am requesting that you base your opinion
     upon the assumption that all of these local option
     elections as stated in the County Clerk's letter,
     are legal and valid."

     For conciseness we have abstracted and numbered the
numerous elections and shall hereinafter refer to each by
its designated number.  The dates of the filing of the peti-
tions and canvassing of returns have been deleted.  In all
instances hereinafter, "area" will designate the precinct(s)
within or the County of Calhoun, "date" will refer to the
election date, and "vote" will refer to the results of said
election.

     The elections held in Calhoun County or precinct(s)
thereof furnished are as follows:

     (1)  Area:  Justice Precinct No. 3
          Date:  January 3, 1914
          Vote:  For Prohibition - 35
                 Against Prohibition - 0

     (2)  Area:  County of Calhoun
          Date:  October 12, 1915
          Vote:  For Prohibition - 280
                 Against Prohibition - 279

- 2269 -

(3)  Area:  County of Calhoun (countywide)
     Date:  December 20, 1915
     Vote:  For Prohibition - 296
            Against Prohibition - 322

(4)  Area:  Justice Precincts Nos. 1, 3 and 5
     Date:  December 14, 1916
     Vote:  For Prohibition - 300
            Against Prohibition - 274

(5)  Area:  County of Calhoun (countywide)
     Date:  October 28, 1933
     Vote:  To Permit Sale of Beer - 267
            To Prohibit Sale of Beer - 118

(6)  Area:  Justice Precincts Nos. 1, 3 and 5
     Date:  October 28, 1933
     Vote:  To Permit Sale of Beer - 195
            To Prohibit Sale of Beer - 94

(7)  Area:  County of Calhoun (countywide)
     Date:  December 28, 1935
     Vote:  For Legalizing Sale of All Liquors - 192
            Against Legalizing Sale of All
            Liquors - 97

(8)  Area:  Justice Precincts Nos. 1, 3 and 5
     Date:  December 28, 1935
     Vote:  For Legalizing Sale of All Liquors - 124
            Against Legalizing Sale of All
            Liquors - 65

(9)  Area:  Justice Precinct No. 3
     Date:  July 9, 1960
     Vote:  For the Legal Sale of Beer for Off-
            Premises Consumption Only - 180
            Against the Legal Sale of Beer for Off-
            Premises Consumption Only - 238

(10) Area:  Justice Precinct No. 3
     Date:  June 6, 1964
     Vote:  For the Legal Sale of Beer for Off-
            Premises Consumption Only - 194
            Against the Legal Sale of Beer for Off-
            Premises Consumption Only - 278

(11)  Area:  Justice Precinct No. 3
      Date:  July 19, 1966
      Vote:  For the Legal Sale of Beer - 148
             Against the Legal Sale of Beer - 299

You further informed us that Precinct No. 3 has remained constant in land area at all material times herein.

Although we may assume compliance with certain procedural safeguards in the elections presented for consideration, we cannot disregard substantive statutory requirements, including time limits imposed between local option elections and the combination of political subdivisions in voting in local option elections.

With reference to elections numbered above as (1), (2), (3) and (4), we have reached the conclusions which follow: Election (1) established prohibition in Precinct No. 3 and Election (2), if valid, did not change this status, but established prohibition in the entire County of Calhoun.  Resort must be had to Article 5724, Vernon's Sayles' Texas Statutes of 1914, in order to determine the validity of Elections (2), (3) and (4), which Article provided, in part, as follows:

> ". . .No election. . .shall be held within
> the same prescribed limits in less than two
> years after an election. . ." Acts 29th Leg.
> 1905, ch. 158, p. 378.

Further consideration must be given to the exception provided in Article 5726, Vernon's Sayles' Texas Statutes of 1914, which provided, in part, as follows:

> ". . .nor shall the holding of an election
> in a justice's precinct in any way prevent
> the holding of an election immediately there-
> after for the entire county in which the
> justice precinct is situated; but, when pro-
> hibition has been carried at an election for
> the entire county, no election on the question
> of prohibition shall be thereafter ordered in
> any justice precinct, town or city of said
> county until after prohibition has been de-
> feated at a subsequent election for the same
> purpose, ordered and <u>held for the entire county</u>,
> in accordance with the provisions of this title
> . . ."  Acts 23rd Leg. 1905, ch. 45, p. 48, as
> amended.  (emphasis added)

Under the exception contained in Article 5726, Election (2) was valid; however, Election (3) is invalid in that it does not fall within said exception.  Election (4) is invalid because of the express prohibition contained in Article 5726.

The repeal of National Prohibition in 1933 and the passage by amendment of Article XVI, Section 20 of the Constitution of Texas, operated to restore to each county or political subdivision its former status relative to prohibiting the sale of intoxicating beverage as it existed before the adoption of the amendment.  Rockholt v. State, 136 Tex. Crim. 479, 126 S.W.2d 488 (1939).

With reference to elections heretofore listed as numbers (5) and (6) we have reached the following decision.  It is unnecessary to discuss the effect of Election (5) upon the status of Precinct No. 3 in that the voters of Precinct No. 3 voted against the sale of beer in Election (11) and could validly do so as such Precinct was on an equal footing with Calhoun County as to prohibiting the sale of alcoholic beverages at the time of Election (11).  Myers v. Martinez, 320 S.W.2d 862 (Tex.Civ.App. 1959, error ref. n.r.e.).  Cf Attorney General Opinion Nos. C-715 (1966) and WW-976 (1960). Whether Justice Precincts Nos. 1, 3 and 5 combined as a unit to bind all jointly, or if each voted as a separate unit in Election (6), would be immaterial since Precinct No. 3 voted against the legal sale of beer in Election (11).

With reference to elections listed above as numbers (7) and (8), we have concluded as hereinafter stated.  The fact that Calhoun County voted to legalize the sale of all liquors in Election (7) would not repeal prohibition in Justice Precinct No. 3.  Cf Coker v. Kmeicik, 87 S.W.2d 1076 (Tex. Comm.App. 1935); Rockholt v. State, supra; Attorney General Opinion No. V-262 (1947).  From all appearances, Precincts Nos. 1, 3 and 5 combined to vote as a unit in Election (6) since other elections are designated as "countywide" and "Precinct No. 3".  With this assumption, we must conclude Election (6) is invalid.  Combination of precincts was permissible under former Article 5715, Vernon's Sayles' Texas Civil Statutes of 1914; however, there was no provision in the 1933 Amendment to Article XVI, Section 20 of the Constitution of Texas which allowed any two or more of any political subdivisions of a county to combine and vote.  Our ultimate conclusion herein is based on the foregoing assumption.  It should be observed here that if Election (8) concerns separate elections by each precinct in question, our conclusion would be different and we would be of the opinion that Precinct No. 3 would be "wet" for the sale of "liquor", as that term is

defined in Article 666-3a, Subsection (5), Vernon's Penal Code.

With reference to the remaining elections numbered (9), (10) and (11), the 1935 Amendment to Article XVI, Section 20 of the Constitution of Texas placed counties and political subdivisions on equal footing in local option elections. Myers v. Martinez, supra. It is not necessary to discuss the effect of Elections (9) and (10) because Election (11) prohibited the sale of beer in Precinct No. 3 of Calhoun County. Election No. 11 was valid, in that Precinct No. 3 was a dry precinct at the time of the elections Nos. (9), (10) and (11), as Election No. 1 voted for prohibition, and the subsequent Election Nos. (1) through (8) did not affect such dry status.

## S U M M A R Y

Under the factual matters presented, the sale or dispensing of any type of alcoholic beverage in Precinct No. 3, Calhoun County, is prohibited by vote under local option elections.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jay Floyd
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Kerns Taylor, Chairman
George Kelton, Vice Chairman

John Banks
Neil Williams
Tom Bullington
Roland Allen

W.V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant