THURMAN et al. v. STATE.

No. 11641.

Court of Civil Appeals of Texas. Dallas. Dec. 9, 1933.

N. B. Birge, of Sherman, for appellants.
Hubert Bookout, of Sherman, for the State.

BOND, Justice.

This is an appeal from an order of a district court of Grayson county, granting a temporary injunction on the petition of Hon.

Hubert Bookout, criminal district attorney for said county, filed in the name of the state of Texas, appellee, against Rip Thurman and Archie Wright, appellants, restraining them from maintaining an alleged common nuisance. Appellee alleged that appellants are operating a public dance hall in a building and on a platform situated on their premises in such a manner that same is a common nuisance, in that large crowds from Grayson and Cooke counties attend the dance and transport, drink, give away, and sell intoxicating liquors, and get drunk near said dance hall; that the main highway between Grayson and Cooke counties passes within about one hundred feet of said dance hall, and those attending park their cars, for two or three hundred yards on each side of said highway, leaving only eighteen or twenty feet between them for the use of the traveling public; that the traffic being heavy over said highway creates a grave danger to those using it. Appellee further alleged that the maintenance of the dance hall tends to lower the moral standard of and is detrimental to the best interests of the community, and is a fruitful source of various disturbances.

Petitioner prays that defendants be cited to appear; that the common nuisance be abated; that writ of injunction issue restraining said defendants from the habitual, actual, present, or contemplated use of said premises, building, or platform, for the purpose of conducting the dance hall; and that the court enter an order closing said premises for a period of one year, upon such conditions as the court may deem proper.

The petition was not verified, no citation or notice was served on defendant, and on the status of the record the trial court entered an order ex parte, restraining appellants from using said premises as a public dance hall, and directed the clerk of said court to issue citation commanding appellants to appear at the next regular term of said court and show cause why the injunction should not be made permanent.

The case is predicated upon the following pertinent provisions of articles 4664, 4666, 5107, and 5108, R. S. 1925:

"Art. 4664. Any * * * place to which the public commonly resort or * * * congregate for business or pleasure, where intoxicating liquors are kept, possessed, sold, manufactured, bartered or given away * * * is hereby declared to be a common nuisance * * *."

"Art. 4666. Whenever the Attorney General, or the district or county attorney has reliable information that such a nuisance exists, either of them shall file suit in the name of this State in the county where the nuisance is alleged to exist against whoever maintains such nuisance to abate and en-

join the same. If judgment be in favor of the State, then judgment shall be rendered abating said nuisance and enjoining the defendants from maintaining the same, and ordering that said house be closed for one year from the date of said judgment, unless the defendants in said suit, or the owner, tenant or lessee of said property make bond * * * to be approved by the judge trying the case * * *."

"Art. 5107. Any room, house, building, boat, structure, or place of any kind similar or dissimilar to those named, where intoxicating liquor is kept, possessed, sold, manufactured, bartered or given away, or be transported to or transported from in violation of law, and all intoxicating liquors and all property kept in and used in maintaining such place are hereby declared to be a common nuisance * * *."

"Art. 5108. The Attorney General or County or District Attorney of the county where such nuisance, as defined in the preceding article exists or is kept or maintained, may maintain an action in the name of the State of Texas to abate and perpetually enjoin such nuisance and upon judgment of the court ordering, such nuisance shall be abated, all intoxicating liquor, containers, utensils and instrumentalities used in the maintenance of such nuisance shall be ordered by the court to be destroyed, same shall be destroyed by any officer authorized to execute civil process; the court shall also order that the place where said nuisance is kept or maintained be closed for one year or until the owner, lessee, tenant or occupant thereof shall file bond * * *."

The law, as reflected by the above-quoted provisions of the statutes, contemplates a hearing on suits filed by the Attorney General, or the county or district attorney of the county where the common nuisance is maintained. The provision that "if the judgment be in favor of the State, then judgment shall be rendered abating said nuisance and enjoining the defendants from maintaining the same, and ordering that the house be closed for one year from the date of said judgment" evidently implies a trial on the merits, before condemning the party as maintaining an unlawful place, and depriving him of his property rights. We think the conclusion is further justified by the provision of the statute authorizing the defendant to make bond approved by the "judge trying the case," and in that manner replevy the property so condemned.

■ The district attorney's actions in such matters are clearly controlled by statute; the attorney is authorized, in the name of the state of Texas, to file such suit on reliable information, and requires the judge trying the case, if in his judgment the nuisance exists, to render judgment accordingly. No

authority exists for the court's action, in chambers, ex parte, in enjoining the defendants from the exercise of their property rights, and in closing their premises, without notice and without a trial on the merits of the suit. Courts are without authority to divest a party of property rights without a hearing, and any attempt to do so is void. See section 19, Texas Bill of Rights.

The order entered in this cause by the trial court is more drastic than is authorized by statute. A public dance hall is not a nuisance per se. The function of a temporary restraining order is to preserve the status until such time as a hearing may be had on the merits of the suit, and if the effect of such order does more than to preserve the existing condition until such hearing, it is improvidently granted. As said by the Commission of Appeals, in the case of James v. E. Weinstein & Sons, 12 S.W.(2d) 959, 960: "The law is well settled in this state that the purpose of the issuance of a temporary injunction is to maintain the status quo in regard to the matter in controversy, and not to determine the respective rights of the parties under the cause of action asserted or defenses urged. [Citing authorities.] If the effect of the granting of a temporary injunction does more than preserve the status of the property as it had theretofore existed, and accomplishes the whole object of the suit, it would be improper for the court to grant same, as the legitimate purpose of the temporary injunction is merely to preserve the existing condition until a final hearing can be had on the merits."

Appellants urge two grounds, attacking the order of the court, which we deem important to notice in consequence of a trial on its merits, viz.: (1) That the petition is not verified as required by article 4647, R. S. 1925, providing that no "injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit * * *"; and (2) that the petition discloses that the acts, condemned by statute, were committed "near" the dance hall, contravening articles 4664 and 5107, above quoted, providing that the existence of the possession, sale, manufacture, barter, and giving away of intoxicating liquor must occur within the house.

Appellee's petition discloses that the dance hall consists of a building and a platform adjacent thereto, known as the "Log Cabin Dance Hall," located on land under the control of appellants and near the public highway, and that the public resort to and congregate on the premises for the pleasure of dancing.

The suit is one devised by the Legislature and delegated to the district attorney to challenge the right of appellants to continue the existence of the alleged common nuisance. So specific is the procedure, it is not within the power of courts to ingraft that which is not provided or reasonably implied. The statutes provide the remedy to abate such nuisances, enjoin their maintenance, and close the places where such are maintained, on petitions based on information only, and do not require a verified pleading. In the absence of such statute, suits brought within its terms must be held by the courts as sufficient. Article 4647 has application only to suits not specially provided by law.

If the acts condemned by statute, as creating a common nuisance, exist at the place alleged in the petition, whether on the platform or in the house, or on land adjacent thereto, or upon the highway contiguous to the platform and house, by all reasonable intendments of the statutes, they come within the purview of the law. The crowd drawn to the dance is the alluring feature of the unlawful element; and if, at or near such place, intoxicating liquor is kept, possessed, sold, manufactured, bartered, transported, drunk, or given away, those guilty of such prohibitive acts draw to the place the condemnation of the statutes, whether the acts were committed within or without the place of assembly; and as a means of enforcing the law against such acts, the Legislature has provided for the closing of the house by injunction, eliminating the attractive feature to the unlawful element. In this, we are not in accord with the holding of the Beaumont Court of Civil Appeals, in Green v. State, 49 S.W.(2d) 519, that such common nuisance must exist within the confines of the house, and if such exists outside of the house on premises adjacent, or near thereto, it does not come within the condemnation of the statutes. We do not consider the statutes so restricted.

We are of the opinion that the court erred in granting the restraining order ex parte; therefore, the judgment of the lower court is reversed and here rendered, dissolving the temporary injunction, without prejudice to a final trial of the case on its merits.

Reversed and rendered.