## HETRICK et al. v. STATE.
### No. 4489.

Court of Civil Appeals of Texas. Amarillo.
Nov. 4, 1935.

Meade F. Griffin, of Plainview, for appellants.

C. D. Wright and C. W. Norrid, both of Silverton, for appellee.

MARTIN, Justice.

After a full hearing, at a regular term, the district court of Briscoe county entered its judgment abating as a nuisance the "Burson Dance Hall" in the town of Silverton, for the time and upon the conditions prescribed by article 4666, R.S. 1925.

This judgment was in response to affirmative answers made by the jury to the following special issues:

"Special Issue No. 1. Do you find and believe from the evidence that the Dance Hall known as the 'Burson Dance Hall' is a place to which persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicating liquors? Answer 'Yes' or 'No.'

"Issue No. 2. If you have answered the preceding issue 'yes' then answer this question: Did the defendants herein have knowledge of, acquiesce in, or consent to such persons resorting in assembling of two or more persons to the room for the purpose of drinking intoxicating liquors, if they did? Answer 'Yes' or 'No.'"

The suit to abate the nuisance named above was filed by the state, acting through the county attorney of Briscoe county. While appellee mentions as authority for the prosecution articles 4664, 4666, 5107, and 5108, R.S. 1925, we deem the two last inapplicable here in view of the quoted findings upon which alone the judgment in question must be sustained.

Article 4664, as it affects the present case, reads: "Any * * * place * * * to which persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicat-

ing liquor * * * is hereby declared to be a common nuisance. Any person who knowingly maintains or assists in maintaining such a place is guilty of maintaining a nuisance."

Article 4665 is in part as follows: "Evidence of general reputation of said houses shall also be admissible to prove the existence of said nuisance."

In an interesting brief, appellants advance many contentions. The major ones are, we think, all comprehended within their fifth proposition, which is as follows:

"The court erred in giving a judgment for the plaintiff and against the defendants after the jury returned their verdict, because:

"A. If the dance hall was a place where two or more people to the room commonly resorted for the purpose of drinking intoxicating liquors and such conduct was known to the defendants, the state of Texas would not be entitled to a permanent injunction, because there was no pleading and proof nor finding by the jury, that such intoxicating liquors were of the kind and character that the drinking of same was unlawful at the time when and place where it is alleged said drinking occurred."

Their chief contention under this proposition may be succinctly stated by a quotation from their brief: "Under the law as it existed at the time of the filing of the petition in this case and the trial of the same, it would not have been unlawful for 3.2 beer, which is an intoxicating liquor and included in the allegation of plaintiff's petition on which they went to trial, to have been sold in a subdivision of the county unless such subdivision of the county was dry in 1919 at the time of the adoption of the prohibition amendment to the Constitution. However, there are no allegations in the petition to the effect that Briscoe county was dry either at the time of the adoption of the prohibition amendment or at the time of the filing of the petition and the trial of the case. Under the allegations in the plaintiff's petition it would, therefore, be possible that the intoxicating liquor which they complained of (and the acts and conduct in regard to such intoxicating liquors) consisted of 3.2 beer, and it could be that it was not unlawful to drink or transport or barter or sell or give away 3.2 beer at said dance hall at the time about which complaint was made."

There is neither pleading nor proof that Silverton, the location of the place in question, was dry local option territory at the time of or prior to the filing of appellee's petition. From this, it is argued:

(1) That such petition was subject to a general demurrer; (2) that a peremptory instruction should have been given; (3) that the judgment in question was without pleading or proof to support it. The argument is in part: "It is further a fundamental principle in cases of this kind and character that no person can be enjoined from the lawful use of his premises and that an injunction will not be sustained under the statutes involved unless the person doing the acts complained of could be successfully prosecuted and convicted under the terms of the law which they have alleged to have violated. State v. Duke, 104 Tex. 355, 137 S.W. 654, loc.cit. 664, second column (7), 138 S.W. 385."

By section 20 of article 16 of the State Constitution, adopted at election August 26, 1933, it is provided in part: "The manufacture, sale, barter or exchange in the State of Texas of spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, or any other intoxicant whatever except vinous or malt liquors of not more than three and two-tenths per cent (3.2%) alcoholic content by weight (except for medicinal, mechanical, scientific or sacramental purposes) are each and all hereby prohibited." This further provides for legalizing by local option election the sale of vinous and malt liquor containing not more than 3.2 per cent. of alcoholic content by weight.

Later the Constitution in this regard was again amended (Aug. 24, 1935), some of the provisions being:

"The open saloon shall be and is hereby prohibited. The Legislature shall have the power, and it shall be its duty to define the term 'open saloon' and enact laws against such.

"Subject to the foregoing, the Legislature shall have the power to regulate the manufacture, sale, possession and transportation of intoxicating liquors, including the power to establish a State Monopoly on the sale of distilled liquors."

The fundamental thing dealt with in these amendments is the manufacture, sale, barter, and exchange of intoxicating liquor. These do not touch the issue upon which the present judgment is based. True, appellee alleged, but did not stand upon, sales, etc., of intoxicating liquor. If it had done so, a different question

would be presented. Here, the allegation, the proof, and the issue submitted and answered were that two or more people resorted to the place designated for the purpose of drinking intoxicating liquor. This act is neither authorized nor prohibited by such constitutional amendments or by any article of the Penal Code of which we are aware. So the real question is, Has the Legislature under its police power the constitutional right to enact the quoted statute in the interest of common decency and public morals? If these are affected, the right is undoubted, unless same has been withdrawn by a mandate of the Constitution. The provisions of the Constitution referred to and relied upon by appellants do not in our opinion take from the Legislature the right, in the interest of the public, to prohibit as a nuisance the operation of a place where people resort to drink intoxicating liquor. Indeed, the terms of the latter amendment by implication confer this right. It provides: "The open saloon shall be and is hereby prohibited." Certainly this language could not mean that a place where intoxicating liquor was only sold was prohibited. This would render, for practical purposes, nugatory the other provisions authorizing its sale. There must of necessity be a human agency to sell it and a place to do so, unless it was intended that it be covertly sold at no particular place. This is not a reasonable construction. It plainly refers, it seems to us, to the operation of a place where people alone or in groups bought and drank intoxicating liquor. Eliminating the sale, the remainder must refer, in part at least, to the drinking of such liquor, which would seem to include the right to prohibit the use of a place as a resort for such drinking.

We therefore hold that the enactment of the quoted provision of article 4664, R.S. 1925, was a valid exercise by the Legislature of its constitutional right to legislate in the interest of public morals, and that such right was neither withdrawn nor such articles impliedly repealed by either of the recent constitutional provisions referred to above. The right to abate a nuisance does not necessarily depend upon the existence of a provision of the Penal Code, defining the act sought to be enjoined as an offense and prescribing fine or imprisonment as a punishment for its violation. There does exist an applicable statute, to wit, article 4664, penal in its nature, and prescribing abatement as the remedy. The appellants have no such constitutional right of use of their property, as would legally authorize its operation contrary to public morals, public health, or common decency. We have assumed that the statute under discussion related to a matter affecting the well-being and morals of the public, as this seems too obvious to require any discussion.

■ The Legislature may not act arbitrarily and make a nuisance of something that is not so in fact, thus destroying the right to the lawful use of property. But as said by the United States Supreme Court: "While the legislature has no right arbitrarily to declare that to be a nuisance which is clearly not so, a good deal must be left to its discretion in that regard; and, if the object to be accomplished is conducive to the public interests, it may exercise a large liberty of choice in the means employed." Lawton v. Steele, 152 U.S. 133, 14 S.Ct. 499, 502, 38 L.Ed. 385.

■ The appellee's petition followed the statute. It was not necessary, in our opinion, to allege or prove that Silverton was dry by a local option vote, or that the act charged constituted a violation of the Penal Code.

As supporting generally the views above expressed, we cite: 46 C.J. p. 652; 31 Tex.Jur. pp. 416 and 435; Stockwell v. State, 110 Tex. 550, 221 S.W. 932, 72 A.L.R. 1116; City of Texarkana v. Reagan, 112 Tex. 317, 247 S.W. 816; Notes, 19 A.L.R. 1441; Trueheart v. Parker (Tex. Civ.App.) 257 S.W. 640; Thurman v. State (Tex.Civ.App.) 67 S.W.(2d) 382; Moore v. State, 107 Tex. 490, 181 S.W. 438.

■ It is finally contended that the evidence does not support the jury's finding in that "all the testimony in this record has to do with actions and conduct of parties outside of the dance hall and in the streets and alleys surrounding the same and downstairs outside the building."

The testimony without contradiction shows that young people, men and women, drank whisky at the foot of the steps leading up to the Burson Dance Hall; that many were seen in and around there under the influence of intoxicating liquor; that their breath smelled with whisky. A large number testified to the bad reputation of the place, none to the contrary.

These facts, circumstantially at least, proved the appellee's case. The substance of the appellee's charge was that the Burson Dance Hall was a place to which persons resort two or more to the room for the purpose of drinking intoxicating liquor. It is shown conclusively that dances were held there Thursday night of each week, at which a large number drank, and some got drunk. What better evidence could there be that their purpose in assembling was to drink than the fact that they did so? No one actually saw them drinking inside, but we regard this objection as hypercritical. It was their purpose, which the state had to prove. Could it be that a dive to which people resort to gamble would be relieved of its unlawful character alone because the actual gambling took place on the sidewalk immediately in front of such place, and in full view of the public? The appellants cite us to the case of Green v. State (Tex.Civ.App.) 49 S.W.(2d) 519, as sustaining their view. The cited case is distinguishable from the present one on its facts. It is, moreover, in direct conflict with the case of Thurman v. State (Tex.Civ.App.) 67 S.W.(2d) 382. We do not need to condemn or to follow either, but will say that much of the reasoning of the Thurman Case is in harmony with our views.

Judgment affirmed.