**PARKER et al. v. STATE.**

No. 2464.

Court of Civil Appeals of Texas. Waco.

March 26, 1942.

Rehearing Denied April 23, 1942.

W. E. Myres, of Fort Worth, for appellants.

R. L. Crosier, Co. Atty., of Cleburne, for appellee.

TIREY, Justice.

This is an appeal from an interlocutory order entered by the district court of Johnson county, after notice, granting temporary writ of injunction on application of the County Attorney of Johnson County to restrain appellants from maintaining the Peckerwood Hill dance hall and the premises immediately surrounding it within a radius of fifty feet as a place to which persons resort in numbers of two or more for the purpose of drinking intoxicating liquors. Johnson County is a dry area.

On November 28, 1941, applicant presented to the district court, in chambers,

its sworn application for the issuance of temporary restraining order, without notice to the defendants. The court endorsed his fiat thereon, and, pursuant to the provisions of said order, the applicant having filed its application and bond with the clerk of the court, the clerk duly issued said restraining order, forbidding the defendants from allowing persons to assemble on the premises for the purpose of drinking intoxicating liquors, which order further provided, in substance, that it remain in force and effect until further order of the court, to be holden in said county on the first Monday in January, 1942. The writ and citation were issued November 28, 1941, and served on defendants on the 29th day of November, 1941. On December 10, 1941, the court, after considering the application and hearing evidence, granted a temporary injunction; and the order entered thereon, among other things, recited that the plaintiff moved the court for a hearing and after due notice the defendants came in person and by attorney and announced ready. The record does not show that the State filed a written motion or any other application or that any further written notice was given to defendants. The record does show that defendants filed an answer, wherein they entered a general denial to plaintiff's application, and for further answer they averred substantially that they had not sold, possessed, transported, given away, or permitted intoxicating liquors to be drunk on the premises; that if intoxicating liquors had been drunk on the premises, it was unknown to them and without their consent. They prayed that plaintiff take nothing and that no injunction be perpetuated against them. No motions were made by the defendants and no objections were interposed by them to the court proceeding with the hearing for temporary injunction, and both plaintiff and defendants offered evidence. No findings of fact or conclusions of law were filed, but a complete statement of facts accompanies the record.

 Appellants contend that since our Supreme Court has held (Ex parte Steele, 155 S.W.2d 355, 356) that the only authority for invoking injunctive jurisdiction of the district court to enforce the liquor laws of this state is found in sec. 29 of Art. I and sec. 27 of Art. II, of what is known as the Texas Liquor Control Act, being Arts. 666—29 and 667—27, Vernon's Texas Penal Code, there is no authority for the granting of the temporary writ of injunction because the appellee wholly failed to show that the cause of action was within the provisions of Art. 666—29, supra, and because Art. 4664, Revised Civil Statutes, was necessarily repealed by the adoption of the Texas Liquor Control Act. Our view is that the holding of the Supreme Court in Ex parte Steele, supra, wherein it says, "the only authority for invoking injunctive jurisdiction of the district court to enforce the liquor laws of this state is found in Section 29 of Article I and Section 27 of Article II, of what is known as the Texas Liquor Control Act," relates to the procedure that must be followed in such cases, and that this holding is in accord with Art. 666—51 (Saving Clause) of the Texas Liquor Control Act. Art. 4664, Revised Civil Statutes, is in no sense a procedural statute, but, on the contrary, defines what is meant by a common nuisance. The opinion of the Supreme Court in nowise holds that Art. 4664, supra, has been repealed, and we are not in accord with the view expressed by the Honorable Third Court of Civil Appeals in Trent v. Kennedy, 109 S.W.2d 327, wherein it held that Art. 4664, supra, in so far as it relates to intoxicating liquors, was repealed by the adoption of the Liquor Control Act. Section 49 of Art. I of the Texas Liquor Control Act (Acts 1935, 44th Leg., Vernon's Ann.P.C. art. 666—49) expressly provides: "Chapter 7 of Title II, Penal Code of Texas of 1925, and all amendments thereto are hereby expressly repealed. Title 80, Revised Civil Statutes, 1925, and all amendments thereto are hereby expressly repealed."

Now Article 5107, Title 80, Revised Civil Statutes, aforesaid, defined what constituted a common nuisance with reference to the use of any room, house, building, etc., where intoxicating liquor was kept, possessed, sold, manufactured, bartered, or given away, or was being transported in violation of the law. It did not condemn the use of such property by persons who resorted there for the purpose of drinking intoxicating liquor. Article 4664, supra, is found in Title 76 of Revised Civil Statutes; and a careful reading of this Article shows that it provides, among other things, that property becomes a common nuisance when such property is used as a place "to which persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicating liquor." This Article was passed in 1923, and it was in nowise in conflict with the provisions of Article 5107, aforesaid, which was passed in 1919, but the provisions

of Article 4664, aforesaid, show that said Article was passed to meet conditions not expressly covered by Article 5107, aforesaid, and to make the enforcement of our liquor laws more effective. Nor do we think that Art. 4664, supra, is in conflict with Art. 666—29 of the Texas Liquor Control Act, or with any other provision thereof, nor do we think that it was repealed. A careful reading of Art. 666—29, supra, shows that this Article, among other things, prohibits the drinking of liquor in any place where liquor is sold, manufactured, bartered, or given away "in violation of this Act," and it further provides, in effect, that any room, building, boat, structure, or place of any kind "where persons are permitted to resort for the purpose of drinking liquor in violation of the law" is also expressly condemned. We think that the other provisions of our statutes that in anywise condemn the use of liquor and which were not in conflict with this Act were not repealed by implication by the adoption of said Act; otherwise, the Legislature would have used the term "in violation of this Act" instead of "in violation of the law." Moreover, Article 666—2 of the Texas Liquor Control Act provides: • "This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose." We think that the application of this Article to the construction of the Texas Liquor Control Act requires us to hold that Art. 4664, supra, was not repealed by said Act.

■ Appellants further contend that since the temporary restraining order was issued on November 28, 1941, and since it was not extended by an order of the court, as provided in Rule 680, Texas Rules of Civil Procedure, the temporary restraining order expired by operation of law; and that since the court proceeded to hear and grant said temporary injunction after the temporary restraining order had expired, and no other application having been filed, there was no written application for a temporary injunction and no other notice having been given to defendant, the court was without authority to grant the same. We overrule, this contention.

Rule 680 provides, among other things, "in case a temporary restraining order is granted without notice [which is the exact situation here], the application for a temporary injunction shall be set down for hearing at the earliest possible date and takes precedence of all matters except older matters of the same character." The trial court was not concerned with the question as to whether the temporary restraining order theretofore granted had expired under the provisions of Rule 680, but, on the contrary, the sole question before the court was whether the temporary injunction should be granted. The record shows that the court, after the hearing, granted a temporary writ of injunction, and we think its action in the matter followed the exact procedure pointed out by Rule 680. See, also, Perry v. Jaggers, Tex.Civ.App., 9 S.W.2d 143, point 1; Huffman v. Alexander, Tex.Civ.App., 276 S.W. 959, point page 960.

■ The judgment is further assailed by appellants substantially on the ground that there is neither pleading nor proof to support the granting of said temporary writ of injunction. We fail to find any merit in this contention. Paragraph 2 of plaintiff's pleading provides, in part, that the application is brought and prosecuted in behalf of the State of Texas, by and through the duly qualified and acting County Attorney of Johnson County, Texas, "pursuant to authority granted by Arts. 4666, 4664, and 4665, Revised Civil Statutes, 1925, of the State of Texas, and Art. 666—29, Vernon's Penal Code, and the general statutes and rules related to injunctions, both in the Penal Code and the Revised Civil Statutes, and for the purpose of enjoining and abating a certain common nuisance now existing upon certain premises situated within the County of Johnson, State of Texas." We think the pleading is sufficient to entitle the State to the benefit of all statutory rights and remedies in force and effect at the time the application was filed. We have carefully considered the evidence adduced, and we think it is ample to support the findings recited in the trial court's order granting the writ to the effect that appellants had conducted said dance hall in such manner as to cause persons to resort to the same for the purpose of drinking intoxicating liquors, both within the dance hall and on the premises, and that it was so operated that the premises in question constituted a common nuisance under the definition of Art. 4664, supra.

The judgment of the trial court granting temporary writ of injunction is affirmed.