## PARKER v. STATE.

### No. 14916.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 16, 1948.

Rehearing Denied Feb. 13, 1948.

John L. Poulter, of Fort Worth, for appellant.

I. B. Hand, of Weatherford, for appellee.

McDONALD, Justice.

This suit was brought by the State of Texas, acting by and through the County Attorney of Parker County. The petition recites that the suit is brought pursuant to authority granted by Article 4666, Revised Civil Statutes, for the purpose of enjoining a common nuisance as defined by Article 4664, existing upon the premises described in the petition. It is further alleged that the suit is of a civil nature, and that jurisdiction thereof is conferred by Article 4667. The substance of the charge is that defendant conducts a dance hall in Weatherford, in said county, that it is a public place to which the public commonly congregates for pleasure, and is a place to which persons resort in assembly of two

or more persons to the room for the purpose of drinking intoxicating liquor. Other allegations are to the effect that people resort there for the use of loud, profane and obscene language, and that the place is a common nuisance as defined and declared by Article 4664. The prayer is that the defendant, his agents, etc., be enjoined from using, maintaining and assisting in using and maintaining the premises as a place where persons resort to drink intoxicating liquor in violation of the laws of the State of Texas. It is further prayed that the Court abate the nuisance and enjoin the defendant from maintaining the same, and that the Court order the premises closed for one year from the time of judgment, unless the defendant or the tenant or the lessee of the premises makes bond in the penal sum of not less than $1,000 nor more than $5,000 payable to the State of Texas and Parker County, conditioned that persons will not be permitted to resort to such place in assembly of two or more persons for the purpose of drinking intoxicating liquor, and for dancing, and that the Court issue a writ of injunction perpetually enjoining the defendant from maintaining said nuisance in said place, and for general and special relief.

Trial was to the court without a jury. The judgment finds that all of the material allegations of the petition are true; it adjudges that the defendant has maintained a nuisance in the form of a dance on his property; and it enjoins him in the following language:

" * * * defendant is hereby enjoined and restrained from maintaining same and from operating said dance or holding any form of dance on his said premises, for a period of one year from the date of this judgment, and defendant is further enjoined from the use of said premises for a period of one year, unless defendant or the owner, tenant or lessee of said premises shall make bond in the penal sum of One Thousand ($1000.00) Dollars with sufficient sureties to be approved in conformity with law, payable to the State of Texas and Parker County, Texas, and conditioned that intoxicating liquor will not thereafter be kept, possessed and sold in said premises in violation of the law, and conditioned

that persons will not be permitted to resort to such place in assembly of two or more persons to a room for the purpose of drinking intoxicating liquor, and defendant is also hereby perpetually enjoined from maintaining such nuisance in said place, and that all the costs in this cause be adjudged against the defendant, A. J. Parker, for which let execution issue."

Defendant has appealed.

Article 4664 reads as follows:

"Any hotel, rooming house or boarding house, country club, garage, rent car stand or other place to which the public commonly resort for board or lodging or commonly congregate for business or pleasure, where intoxicating liquors are kept, possessed, sold, manufactured, bartered or given away, or to which persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicating liquor, or where intoxicating liquors are furnished to minors or to students of any educational institution, or where persons resort for the purpose of gambling, or for the purpose of prostitution, is hereby declared to be a common nuisance. Any person who knowingly maintains or assists in maintaining such a place is guilty of maintaining a nuisance."

Article 4666 reads as follows:

"Whenever the Attorney General, or the district or county attorney has reliable information that such a nuisance exists, either of them shall file suit in the name of this State in the county where the nuisance is alleged to exist against whoever maintains such nuisance to abate and enjoin the same. If judgment be in favor of the State, then judgment shall be rendered abating said nuisance and enjoining the defendants from maintaining the same, and ordering that said house be closed for one year from the date of said judgment, unless the defendants in said suit, or the owner, tenant or lessee of said property make bond payable to the State at the county seat of the county where such nuisance is alleged to exist, in the penal sum of not less than one thousand nor more than five thousand dollars, with sufficient sureties to be approved by the judge tryng the case, conditioned that the acts prohibited in this law shall not be done or permitted to be done in said house. On violation of any condition of such bond, the whole sum may be recovered as a penalty in the name and for the State in the county where such conditions are violated, all such suits to be brought by the district or county attorney of such county."

Although there is evidence concerning the conduct of patrons of the dance hall with respect to loud language and other matters, and there is evidence that defendant employed two peace officers to maintain order on the premises, it is clear that the suit for injunction is predicated solely on the ground that the place was one where persons resorted for the purpose of drinking intoxicating liquor. The allegations of the petition track the language of Article 4664, which declares certain named places to be a common nuisance, including those "to which persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicating liquor," and the opening paragraph of appellee's brief in this court declares that the suit was brought in the name of the State, seeking to enjoin defendant, under the provisions of Article 4664, from conducting a dance hall as a place where persons resort for the purpose of drinking intoxicating liquor.

To dispose of one question, we find that the evidence is sufficient to warrant a finding that persons did resort to the premises "in assembling of two or more persons to the room for the purpose of drinking intoxicating liquor."

Whether or not defendant's dance hall was conducted in such manner as to constitute a nuisance at common law is not controlling here, because Article 4664 conferred no authority upon the county attorney to seek an injunction against the operation of the dance hall unless, as narrowed by the allegations in the petition, persons were resorting there, in groups of two or more to the room, for the purpose of drinking intoxicating liquor. In Trueheart v. Parker, Tex.Civ.App., 257 S.W. 640, an injunction was issued against the proprietor of a dance hall on the ground that the manner of its operation constituted it a nuisance, but that suit was not one

brought by the county attorney pursuant to the authority granted by Articles 4664–4666, but was brought by a nearby property owner.

Stated in a few words, the situation is this: Defendant operates a dance hall where persons resort in assembly of two or more to the room for the purpose of drinking intoxicating liquor. There is neither pleading nor proof to show whether sale of intoxicating liquor is prohibited or not in the territory where the dance hall is located. There is neither pleading nor proof that any penal law relating to intoxicating liquor, nor any regulation promulgated by the Liquor Control Board, is being or has been violated. Under such circumstances, was the trial court authorized to issue the injunction described above? We think that he was not.

In construing the portion of Article 4664 which condemns as a nuisance any of the places named therein where persons resort for gambling, the Supreme Court held in State ex rel. Shook v. All Texas Racing Association, 128 Tex. 384, 97 S.W.2d 669, on rehearing, 128 Tex. 384, 100 S.W.2d 348, that the place would not be a nuisance within the statute unless the gambling carried on there was in violation of the penal laws, as distinguished from what might be considered gambling at common law. In State v. Duke, 104 Tex. 355, 137 S.W. 654, 138 S.W. 385, an injunction was sought under the provisions of an earlier but to some extent a similar statute. In concluding a lengthy opinion, it was said that the statutes under which the injunction was sought were penal, or at least quasi penal, in their character and were to be strictly construed; and the injunction should be denied unless the defendants in the suit could have been prosecuted and convicted under the applicable provisions of the Penal Code.

We do not hold in this case, however, that the statutory condemnation as a nuisance of the enumerated places where two or more persons gather for the purpose of drinking intoxicating liquor was intended, in 1923 when said Articles 4664–4666 were enacted, to be limited to situations where the drinking itself constituted a violation of penal laws. Said statutes were enacted in 1923, when the manufacture, sale, transportation and possession of intoxicating liquor, except under very limited circumstances, were prohibited by both state and national laws. At that time the policy of both state and national goverments was undoubtedly to suppress in every way possible the sale and use of intoxicating liquor for beverage purposes. When persons gathered for the purpose of drinking intoxicating liquor, as described in Article 4664, it would be a likely supposition that some violation of liquor laws had taken place, or were taking place at the time. The assembling of persons at such places for the purpose of drinking intoxicating liquor would probably produce, or at least encourage, violations of the laws prohibiting its manufacture, sale, transportation and possession.

Under present laws relating to liquor, however, there is obviously no general policy of the legislature to prohibit or suppress its use for beverage purposes. The citizens of a given area may, through local option, prohibit or restrict sales, but there is no longer in existence such a public policy with respect to intoxicating liquor as existed when both state and national prohibition laws were in force. It is elemental that the statutes of a state may declare and establish the public policy of the state. The manufacture, sale, transportation and possession of liquor is now permitted to the extent provided for in the laws relating thereto. The legislature having legalized the manufacture, sale, transportation and possession of intoxicating liquor, to the extent that the Liquor Control Board publicizes the collection of several million dollars annually from liquor taxes and licenses, it can no longer be supposed that the legislature maintains any general policy against the drinking of liquor which is sold in compliance with the laws relating thereto. In deciding whether there has been an implied repeal of a statute, we search for the intention of the legislature at the time it enacted the later legislation. So far as it is not inconsistent with or repugnant to the later law, we will leave the earlier law in force. To the extent that

there is an inconsistency or repugnance between the two, we will declare that there is an implied repeal.

In Trent v. Kennedy, Tex.Civ.App., 109 S.W.2d 327, the Court of Civil Appeals at Austin held that the above articles of the statutes, in so far as they related to intoxicating liquor, were repealed by implication by the Liquor Control Act, Vernon's Rev.Pen.Code, Art. 666—1 et seq. This view was rejected by the Court of Civil Appeals at Waco in Parker v. State, Tex.Civ.App., 161 S.W.2d 319, writ refused; and by the Court of Civil Appeals at Eastland in Jeter v. State, Tex.Civ.App., 184 S.W.2d 716. The theory of the Austin Court was that the Liquor Control Act was intended to cover the entire field of regulation of the liquor traffic, that it was complete within itself, and that it superseded all prior legislation upon the same subject. For the purposes of this opinion we shall restrict ourselves to the holding that the Liquor Control Act impliedly repeals only such portions of Articles 4664-4666 as are inconsistent with or repugnant to the provisions of the Liquor Control Act. We shall undertake to follow the rules of statutory construction as they are stated in 39 Tex.Jur., pages 137 and following, where it is said, among other things, "The passage of a statute that is conflicting and inconsistent with, and repugnant to, former acts on the same subject, shows an intent to repeal such acts."

Under the present laws, it is permissible to drink certain types of liquor on the premises where sold, if there be no local law against it, and if a proper permit has been obtained. Drinking at certain places, and during certain periods, is prohibited. The implication is that drinking at other places is not prohibited. The gathering of two or more persons at one of the places named in Article 4664 for the purpose of drinking intoxicating liquor no longer carries the suggestion which it once did that there has been, or that there is taking place, a violation of the laws relating to liquor. Within certain limits, intoxicating liquor may be transported or possessed in dry territory without violating the law.

That there has been an implied repeal of at least a part of Article 4664 can

not be denied. It declares a common nuisance any of the places therein named if intoxicating liquors are kept, possessed, sold, manufactured, bartered or given away at such places. This provision is inconsistent with the present laws in so far as they permit the manufacture, sale, etc., of liquor at such places. In other words, it would be inconsistent to hold that the legislature intended to permit the sale of liquor at a place, and to provide for a license authorizing such sale, and that it intended at the same time to leave in force a statute condemning such place as a common nuisance because liquor was sold there. In order to leave the statute in effect in so far as it is reasonably possible to do so, and at the same time to eliminate any inconsistency between the earlier and the later law, it should be said that a place where liquor is manufactured, sold, etc., may be declared a common nuisance only if such manufacture, sale, etc., be in violation of the laws, other than Article 4664, relating to intoxicating liquors.

The same holding is applicable, we believe, to the question of implied repeal of the portion of Article 4664 which declares any of the places therein named to be a common nuisance if two or more persons resort there for the purpose of drinking intoxicating liquor. There is no longer ground for declaring the place a common nuisance at the suit of the State unless the drinking is in violation of some law or regulation, other than the provisions of Article 4664, relating thereto.

It is not a controlling circumstance that the type of establishment involved in this case is a dance hall. If it were a restaurant, the dining room of a hotel, or an exclusive country club, or any place having a lawful permit to sell beer, the place could still be declared a common nuisance, and its operation could be enjoined at the suit of the county attorney, simply on the showing that two or more persons resorted there for the purpose of drinking intoxicating liquor, if appellee's theory of the law is correct. Likewise, under appellee's theory of the law, any such place could be declared a nuisance, and its operation could be enjoined, if it were shown that its patrons resorted there in groups of two or

more and drank liquor which they may themselves have brought to the premises, even though it were not shown that any provision of the penal laws pertaining to the sale, possession, etc., of intoxicating liquor had been or was being violated.

We have carefully considered the three cases cited in appellee's brief, and shall discuss them in order.

Green v. State, Tex.Civ.App., 49 S.W.2d 519, was decided before the repeal of the prohibition laws. Also, it was there charged that liquor was being given away and transported in violation of the law.

In Thurman v. State, Tex.Civ.App., 67 S.W.2d 382, it was charged, among other things, that liquor was being sold. That case also arose before the repeal of the prohibition laws.

We have carefully read the opinion in Hetrick v. State, Tex.Civ.App., 87 S.W.2d 887. If it be the holding in that case that a nuisance is proved by merely showing that the place involved is one where "persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicating liquor," without regard to whether the area is wet or dry territory, and without regard to whether any of the statutes, rules or regulations relating to the sale or use of intoxicating liquor are being violated, then we decline to follow it.

 Appellee argues that the right to abate the alleged nuisance does not necessarily depend on the existence of a penal statute defining the act sought to be enjoined as an offense and prescribing a penalty, and that there is no constitutional right of use of property which would legally authorize its use contrary to public morals, public health, or common decency, citing Hetrick v. State, supra. The test here is not merely whether defendant has a right to use his property in a certain manner or for a certain purpose. The principal question is whether the county attorney is authorized to maintain this suit under authority of Articles 4664–4666. He is not given broad authority under such statutes to bring injunction suits simply because there may be involved some act which is contrary to public morals, public health,

or common decency. This case is brought only under authority of the statutes just mentioned, and the case is limited to the provisions of such statutes. A strict construction will be given statutes of this nature, and the case will be limited to the allegations of the petition for injunction. General rules governing construction of penal statutes will be applied. Waits v. State, Tex.Civ.App., 76 S.W.2d 545.

We have also considered certain cases other than those cited by appellee.

In Sportatorium, Inc., v. State, Tex.Civ. App., 104 S.W.2d 912, 919; writ dismissed, defendants were enjoined from maintaining a nuisance as being in violation of Art. 614b, Vernon's Ann.Penal Code, relating to certain endurance contests. The Court of Civil Appeals at Dallas, in a divided opinion, upheld the injunction as being in violation of Art. 614b, and also declared that the judgment was subject to affirmance because there was proof in the record that persons resorted there for the purpose of drinking intoxicating liquor. Justice Bond dissented, declaring in part:

"This act (referring to Article 4664) was passed in 1923, when it was unlawful to sell or possess intoxicating liquor, and before the repeal of the constitutional amendment relating to intoxicating liquors, and before intoxicating liquors were authorized to be sold and possessed in Dallas county, Tex., by vote of the people. It is no longer an offense to drink one's own liquor in public places in Texas."

We have carefully read and reread the opinion in Parker v. State, Tex.Civ.App., 161 S.W.2d 319, writ refused. The court there does not discuss the distinction between drinking in a dry and in a wet area, but does point out that the dance hall was located in a dry area. Except for the one remark, "Johnson County is a dry area," everything that is said in the opinion is as applicable to a situation existing in a wet area as to one existing in a dry area. The failure to observe such distinction indicates to our minds that the court there believed that any place, if it was one of those named in Article 4664, should be declared a common nuisance if two or more persons resorted there for the purpose of drinking

intoxicating liquor, whether it was in a wet or in a dry area. If the court intended to so hold, we decline to follow the holding. As said, the court makes no effort to distinguish between drinking in a public place in a wet area and in a dry area, and if there is a difference in the laws relating thereto, we have nothing in that opinion to guide us in our search for the distinctions to be made in such cases. We give particular emphasis to this opinion, because the Supreme Court refused the writ of error application, indicating that it gave approval to all that was said in the opinion. Nevertheless, we adhere to the views expressed herein.

Jeter v. State, Tex.Civ.App., 184 S.W.2d 716, followed the holding in Parker v. State, supra, to the effect that Article 4664 was not repealed by the Liquor Control Act, but it was there charged that liquor was being kept, possessed, sold or given away in violation of law. We find no quarrel with that holding, but it does not involve the same situation which we have before us.

 We have written at length, because there is language in some of the opinions above cited which is not in harmony with the views we have expressed. Our belief is, despite our respect and regard for the authors of those opinions, that there is a degree of repugnance and inconsistency between some of the provisions of Article 4664 and the liquor laws presently in force, and that, to the extent of such repugnance and inconsistency, they must give way to the later laws. To give the fullest possible effect to both the older and the newer enactments of the legislature, it is our holding, as above stated, that in order to declare any of the places named in Article 4664 a common nuisance on the ground that intoxicating liquors are kept, possessed, sold, manufactured, bartered or given away, or on the ground that persons resort there in assembling of two or more persons to the room for the purpose of drinking intoxicating liquor, it must be alleged and proved that such keeping, possession, sale, manufacture, barter or gift, or drinking by two or more persons, was in violation of some penal law of the state or some regulation promulgated under author-ity of the laws relating thereto. There has been no such showing in this case.

The judgment of the trial court is therefore reversed, and judgment is here rendered in favor of defendant dissolving the injunction ordered by the trial court, and adjudging that appellee take nothing by its suit.

SPEER, Justice (dissenting).

The members of this court have labored long and earnestly in an effort to arrive at a proper disposition of this appeal. We have studied the record and the applicable laws and find we are unable to agree. From numerous consultations with my colleagues I believe I fully understand their concepts of the law to be applied. Notwithstanding my very high regard for their respective judgments in such matters, I feel impelled to express my dissent from the conclusions reached in the majority opinion.

The nature and result of the case are fairly expressed in that opinion; but I shall mention some phases of the case not embraced therein. In expressing my own opinion in the matter I shall not chase phantoms nor theorize upon fancied remote possibilities in an effort to abrogate what I perceive to be a plain statutory provision. Courts should have no concern as to the expediency of a legislative enactment.

Articles 4664–4666, R.C.S. 1925, were passed in 1923, and 4664 specifically sets out several situations, either of which when violated shall constitute a common nuisance. Two of these articles are quoted in the majority opinion. In this case we are not concerned with that part of Article 4664 which condemns a place where persons commonly resort to drink intoxicating liquor where intoxicating liquor is kept, bartered or sold, or where such liquors are furnished to minors, or when persons resort there for purposes of gambling or prostitution. The only infraction of Article 4664 relied upon by appellee (to quote from the petition) is: "Said place is a public place commonly known as a dance hall and/or roadhouse, to which the public commonly congregate for pleasure, and it is

a place to which persons resort in assembly of two or more persons to the room, for the purpose of drinking intoxicating liquors, and it is a place to which people resort for the use of loud, profane and obscene language and for dancing and that said place, as maintained, is a common nuisance as defined and declared by Article 4664, in R.C.S. 1925 of the State of Texas."

No special exceptions to the petition were presented by appellant (defendant). He defended upon the general denial and a special plea that the "Statute (4664) does not authorize the action as stated by said original petition."

Appellant seeks a reversal of the judgment entered and a dissolution of the injunction upon one point of error, the substance of which is: "The evidence was wholly insufficient to show any willful violation of the provisions of Article 4664, or to legally authorize the granting of such injunction."

The record before us is replete with evidence given by appellant himself to support the judgment, if Article 4664 has not been repealed by the legislature, a matter to which I shall later devote some attention in this discussion. Appellant frankly admitted, while testifying, substantially, that: He owned the tract of land described in the petition; it contained a large building in which he formerly conducted a feed business; he had fixed up the building suitable for a dance hall, installed plenty of lights, a music machine, a place for an orchestra, procured and furnished, each Saturday night, musicians and installed a sound amplifying system. He called the place "Parker's Barn Dance" and began operating the last time in June, 1946; he had public dances every Saturday night and had from 200 to 400 persons at his place each time; he offered for sale no drinks except soft drinks; he allowed no drunkenness about his place; he had seen a few "drunks" at his place but not many; he used all of his land except that occupied by the building as a parking lot for his patrons; on Sunday mornings after a Saturday night dance he had gone onto his parking lot and picked up whiskey and beer bottles and put them in a sack or tub; he kept two regular peace officers on his premises each Saturday night at his own expense to keep order and to prevent disturbances. The two peace officers testified, at appellant's instance, that they were on duty each Saturday night; they had seen a few "drunks" on the premises since the place was opened; they had arrested perhaps a half dozen and had permitted friends of others to take them home when they were too drunk to drive. Some of the persons who lived in the area testified to seeing drinking from bottles on the lot and saw appellant picking up the bottles on Sundays; they also testified about the noise and confusion at the place and said no one could sleep in that vicinity before midnight when dances were going on; they heard cursing and obscene language which they did not want to repeat to the court nor did they want their families to hear it.

While there is no provision in the statute relied upon by appellee which attaches any importance to the noises, profanity and vulgarity testified about, yet I think no violence is done the statute when evidence is heard, without objection, concerning these things obviously brought about by those who commonly resort to the offending place for the purpose of drinking liquor. It occurs to me that the legislature had in mind when it passed the statute that these things would inevitably follow group drinking of liquor, and therefore hit first at the root and base of it all.

Referable to appellant's contention that the evidence was not sufficient to show that he "willfully" maintained his place of business in a way that it would become, under the law, a common nuisance, I note by Article 4665, R.C.S. (not deemed by the the majority opinion necessary to quote), that it is there provided, among other things: "Proof that any of said prohibited acts are frequently committed in any of said places (mentioned in Article 4664) shall be prima facie evidence that the proprietor knowingly permitted the same, * * *" Thus it will be seen that the evidence of appellant, and that offered by him through his privately employed peace of-

ficers, condemns him and refutes his only assigned point of error. It also occurs to me that when appellant deemed it necessary to employ two peace officers to keep the peace and prevent disturbances at his place of business is quite significant that he had full knowledge that the manner in which he was conducting his business was calculated to make their presence imperative.

All members of the court agree that a dance hall is not a nuisance per se; but that like many other legitimate businesses it becomes such, if at all, by reason of the manner in which it is conducted. The legislature has declared that any place anywhere becomes a public nuisance if as conducted it falls within the provisions of Article 4664. The legal inference is that it becomes inimical to society in producing a breeding place for crime and transgressions of the standards of health and good morals.

As I view this case, there are only two possible contentions standing between an affirmance of the judgment of the trial court and a reversal and rendition as has been ordered by the majority. They are, First: Did the passage of the Texas Liquor Control Act in 1935 impliedly repeal Article 4664 in its entirety; and Second: Did the State's failure to allege and prove whether or not the area in which appellant's place of business is situated was either a wet or dry territory, as determined by a vote of the people, defeat appellee's right of recovery.

It is my opinion that the legislature did not intend to repeal Article 4664 by the passage of the Texas Liquor Control Act, or at least that portion of the article under which this suit was prosecuted. As I view the situation it is immaterial whether the Liquor Control Act can be construed to have repealed by implication other parts of Article 4664 which do not affect this suit. It is the recognized rule of law that, generally, repeals by implications are not favored; yet I am quite aware that there are well recognized exceptions to that general rule; they are observed in the majority opinion. The Liquor Control Act specifically repealed Chapter 7 of Title

11, Penal Code of 1925 and all amendments thereto, they were Articles 666 to 693,both inclusive, of the Penal Code. The Act also repealed all of Title 80, R.C.S. of 1925, this embraced Articles 5075 to and including 5114, R.C.S., pertaining to intoxicating liquors. See Art. 666—49, Vernon's Ann. Penal Code. There is no other reference made in the Texas Liquor Control Act indicating an intention by the legislature to repeal other existing statutes. Neither of the former statutes which were repealed embrace Art. 4664, and if it can be said to have been repealed by implication, there would have to be something contained in the Liquor Control Act which, as held by the majority, is inconsistent with or repugnant to the pre-existing law. I have diligently scrutinized the Liquor Control Act with this in view. I find nothing there inconsistent with nor repugnant to that part of Art. 4664 under which this suit was prosecuted. I cannot believe that because Art. 4664 was enacted at a time when National and State prohibition was in effect and by virtue of the Liquor Control Act the policy of State Government in the respects here involved has been so changed that it could be said that the legislature intended to repeal Art. 4664, which in no way affects the State's control of the manufacture, sale and possession of intoxicating liquor. It would in my opinion require a stretch of the imagination to assume that the State in its effort to control such sales would in the same breath repeal Art. 4664 and permit any person, situated as was appellant, to maintain a harbor of safety for group drinking, in short a "City of Refuge" (Pentateuch, Deut. 4:41-43) dominated by the appellant.

I believe that Art. 4664 was enacted to cover a field upon which the legislature had not previously spoken and one upon which it has not spoken since 1923. When the law was passed it was for the obvious purpose of enabling the State's agencies to prevent any person from maintaining any kind of a place where people could habitually resort in groups for the purpose of drinking intoxicating liquor. At that time distilled liquor could be legally obtained. Likewise, under the Liquor Control Act it can be legally procured, but

the seller must not permit it to be consumed on the premises—not a penalty against the buyer. In so far as I am able to ascertain, the legislature has made no attempt to penalize any person who maintains a place where two or more persons commonly resort for the purpose of drinking intoxicating liquor other than by the provisions of Article 4664 and Article 666—29, Vernon's Ann. Penal Code. The last cited article is similar in some respects to Article 4664 but covers a situation not embraced within 4664. The very fact that Art. 666—29, P.C., was passed in 1935 as a part of the Texas Liquor Control Act leads me to believe that the legislature had in mind the provisions of Art. 4664 now under consideration and deemed it unnecessary to further legislate thereon. The law had been previously construed by the courts and the legislature was apparently satisfied with it.

The majority opinion points out in one place the absence of pleading and proof as to whether or not the sale of intoxicating liquor was prohibited in the area of appellant's place of business and further calls attention to the absence of allegations and proof that any violation of the penal laws relating to intoxicating liquors had been committed, then poses the question: "Under such circumstances was the trial court authorized to issue the injunction described above? We think he was not." In the second paragraph following the quotation given, the opinion holds that when Art. 4664 was enacted declaring a place to be a common nuisance where two or more persons gather for the purpose of drinking intoxicating liquor, it was not the legislative intent to limit the situation to one where the drinking itself constituted a violation of the penal laws. With this I readily agree, and it is my further belief that the legislature has not enacted any subsequent law which is inconsistent with or repugnant to that construction. It may be doubted that the same could be said of those provisions of Art. 4664 relating to places where intoxicating liquors were being manufactured, sold, etc., or places resorted to for gambling or prostitution, but as to these conditions we have no concern since the instant case is not dependent upon either of the last mentioned conditions.

For almost a century of our Statehood the legislature has toiled with the liquor traffic. During this time the pendulum of public sentiment and governmental policy has swung back and forth with clock-like precision and certainty. Former laws on the subject have come into disrepute for various reasons rendering them ineffective. In an effort to protect personal rights and liberties the courts may have cut too deeply into the heart of the laws, and disfavor followed. I do not believe any evidence can be found in the Liquor Control Act that the legislature intended thereby to enlarge or encourage in any way, the people to drink liquor more freely and often, or to gather in groups of two or more to the room for that purpose, and thus increase the sales of those whom the State has licensed to sell and in the end increase the number who desire to sell and to thereby enhance the revenue to the State. I am unwilling to impute to the legislature such a motive.

The very strict supervision of the liquor business evinced by the Liquor Control Act is persuasive that the State in fact discourages in every legitimate way the promiscuous drinking of intoxicants, more especially when people gather in groups for that purpose. What could be more conducive to consuming distilled liquor than to permit it in a place of business where men gather to buy from those who are authorized to sell? Yet consuming the liquor on the place where sold is strictly forbidden; in this connection I am speaking especially of distilled liquor.

Again, I observe that Art. 4664 is not a penalty imposed upon those who acquire their liquor legally, nor as to where they drink it, but the penalty is upon those who maintain the place as a sanctuary and haven to which they resort in groups and drink to the terror of the general public.

There is a distinction made in our laws between distilled and brewed intoxicants as to when and where they may be consumed. There is much undenied evidence in this case that many people resorted to appellant's place to drink whiskey which is de-

fined by the law to be distilled liquor. I can see no difference in the enforcement of this law provided under Art. 4664 against those who maintain dining rooms of the most gigantic hotels or the swankiest private exclusive clubs and lowest "honky-tonk" (whatever that is). They all stand equal in the eyes of the law.

In one part of the majority opinion it is said: "That there has been an implied repeal of at least a part of Article 4664 cannot be denied." They then demonstrate that so much of the article as declares a place a common nuisance if intoxicating liquors are kept, possessed, etc. is inconsistent with the present laws in so far as they permit the manufacture, keeping and possession of liquors. These detailed reasons, which I have abbreviated, are followed in the next paragraph with this language: "The same holding is applicable, we believe, to the question of implied repeal of the portion of Article 4664 which declares any of the places therein named to be a common nuisance if two or more persons resort there for the purpose of drinking intoxicating liquor. There is no longer ground for declaring the place a common nuisance at the suit of the State unless the drinking is in violation of some law or regulation, other than the provisions of Article 4664, relating thereto." From other parts of the majority opinion, I believe I can safely say that the opinion does not purport, even by "implication," to hold that the applicable part of Art. 4664 was impliedly repealed. It is my definite belief that no repeal of the applicable part of Art. 4664 was intended by the passage of the Liquor Control Act. In this I am supported by Parker v. State, Tex.Civ.App., 161 S.W.2d 319, writ refused (the majority conditionally refused to follow this case); Jeter v. State, Tex. Civ.App., 184 S.W.2d 716.

Trent v. Kennedy, Tex.Civ.App., 109 S.W.2d 327, holds that the Liquor Control Act repealed, by implication, Art. 4664, yet it will be observed that the cited case was not one by the State. Parker v. State, Tex.Civ.App., 161 S.W.2d 319, writ refused, declined to follow the Trent-Kennedy holding and the Supreme Court gave its sanction to the repudiation by refusing the application for writ. Jeter v. State, Tex.Civ.App., 184 S.W.2d 716, held as did the court in the Parker-State case. The majority opinion in this case reviews the above cited cases and then says that the Liquor Control Act impliedly repeals "only such portions of Articles 4664–4665 as are inconsistent with or repugnant to the provisions of the Liquor Control Act." I construe this to mean that if the portion of Art. 4664 under which this suit is prosecuted is not inconsistent with and repugnant to the provisions of the Liquor Control Act, then it was not repealed. I have already pointed out that I can find no provision in the Liquor Control Act which attempts to legislate on the particular matters covered by that part of Art. 4664 applicable to the case before us. The majority opinion cites no such conflicting provisions, there must be none. If it be conceded that even a part (not applicable to this case) of Art. 4664 was impliedly repealed and that part applicable was not repealed, let us see if the applicable part will support this judgment.

In an approved opinion by the Commission of Appeals, St. Louis, B. & M. Ry. Co. v. Marcofich, 221 S.W. 582, where it was contended that the passage of a subsequent law apparently covering the same subject matter repealed previous laws on the same subject, it was held, among other things, that repeals by implication are not favored; that knowledge of existing laws is attributable to the legislature when subsequent laws are enacted on the same subject matter; when subsequent enactments are passed and are silent as to repeal of prior laws, the presumption prevails that the legislature intended that the older law should continue effective.

In Ex parte Townsend, 64 Tex.Cr.R. 350, 144 S.W. 628, Ann.Cas.1914C, 814, our Court of Criminal Appeals held that where one statute deals with a subject comprehensively and another statute deals with the same subject in a more definite way, the two should be read together if possible with a view to giving effect to both, but, under any necessary conflict, the special act must prevail. A similar rule was announced by the Supreme Court in Conley v. Daughters of the Republic, 106 Tex. 80,

156 S.W. 197, 202, 157 S.W. 937. As I interpret these cases they mean that even though the passage of the Liquor Control Act impliedly repealed those parts of Art. 4664 pertaining to places where intoxicating liquors were manufactured, sold, etc. and places where people commonly resort for purposes of gambling or prostitution (neither of which provision is involved in this case and need not be determined by us) and is silent, as in this case, as to that part referable to groups assembling at any place for the purpose of drinking intoxicating liquors, such latter provision will not be held to have been impliedly repealed.

I now come to the question of whether or not it was material to the appellee's right to injunctive relief without allegation or proof of whether the area where appellant's property was situated was "wet" or "dry" territory. The majority opinion makes a point of this fact in reaching the conclusions expressed. The appellant also argued it in support of his point of assigned error. It must have been considered controlling by the majority as well as appellant in the belief that under one or the other of such conditions appellant's acts would have been legal. Taking either horn of the dilemma let us see; if it had been made to appear that the area was dry, could it be said that for that reason appellant could maintain a place where persons could assemble, two or more to the room and drink intoxicating liquor? To ask the question is to answer it. While upon the other hand, let us assume that it was shown to have been a wet area. There is no provision in the Liquor Control Act which could be distorted into meaning that any kind of a license or permit to appellant under the law would authorize him to maintain such a place where persons could resort to drink distilled liquors, as distinguished from malt or brewed beer. This identical question was before the court in Hetrick v. State, Tex.Civ.App.,

87 S.W.2d 887, and for reasons there stated, in addition to those mentioned by me, it was held that it was immaterial whether the area was wet or dry. (That case was decided November 4, 1935.) The majority in this case expressly refused to follow that holding in the respect mentioned. It is quite apparent that I differ with the majority in this respect.

The majority opinion lays stress upon language used in some of the cited cases to the effect that to maintain an action for injunction against an alleged common nuisance under Art. 4664 it must be made to appear that some act of the penal laws was being violated. The facts in the cases relied upon appear to have been predicated upon parts of Art. 4664 not involved in this case, such as keeping, selling and manufacturing intoxicating liquors, gambling, etc. It is easy to perceive why under those conditions it would be necessary to allege and prove that those things were being done before a cause of action could be said to exist. But when a case is predicated upon the situation as this one, it would appear that no violation of a criminal statute by the appellant is necessary before he could infringe the inhibited acts with which he is charged.

It is my conclusion: (1) That part of Art. 4664, R.C.S., applicable to this case was not repealed by implication in the passage of the Liquor Control Act; (2) that it was immaterial in this case whether appellant's property was located in either dry or wet area; (3) that under the applicable statutory laws in this case it was not essential that there be either allegation or proof that a violation of the Penal Code existed as prerequisite to the State's right to injunctive relief; and (4) that the evidence is amply sufficient to support the trial court's judgment.

From these things I believe the judgment should be affirmed instead of reversed and the injunction dissolved as ordered by the majority opinion.